390 So.2d 782 (1980)
Sadie LOVE and Clyde Love, Her Husband, Appellants,
v.
Ira S. JACOBSON, M.D., and North Dade Hospital, Inc., Appellees.
No. 80-515.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Cohen & Kokus and Linda Koenigsberg, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellees.
Before HENDRY and BASKIN, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
BASKIN, Judge.
We are asked by appellants Sadie Love and Clyde Love to consider the propriety of *783 an order taxing attorney's fees against them following dismissal of their medical malpractice action. The court found there was no justiciable issue of either law or fact. We reverse because Section 57.105, Florida Statutes (Supp. 1978) did not become effective until approximately a year and a half after the commencement of the action and is not retroactive.
On January 18, 1977, the Loves sued North Dade Hospital and their doctor, Dr. Jacobson, for negligent treatment of a fractured arm. Because medical mediation proceedings had not yet terminated, the complaint was dismissed and later reinstated. The hospital filed a motion for summary judgment which was denied. On the date of trial, the Loves voluntarily dismissed their action. The hospital then sought attorney's fees, and costs, and the trial court awarded $6,000 attorney's fees. In response to a motion, the court entered a corrected order taxing attorney's fees which included a finding that no justiciable issue of law or fact existed. This order was entered after the notice of appeal had been filed.
Section 57.105, Florida Statutes (Supp. 1978) provides:
Attorney's Fee.-The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
Prior to the effective date of that statute, June 15, 1978, no right to attorney's fees existed for the complete absence of a justiciable issue of law or fact. Unless legislative intent to the contrary is disclosed, statutes operate prospectively. Walker & LaBerge v. Halligan, 344 So.2d 239 (Fla. 1977); Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Foley v. Morris, 339 So.2d 215 (Fla. 1976). No clear legislative intent mandating retroactive application appears in the language of the statute. Even without a legislative mandate, however, procedural rights granted by a statute may be applied retroactively because no vested rights in any mode of procedure exist. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); Walker & LaBerge v. Halligan, supra. If the statute does not affect vested rights or create new obligations, it may be applied retroactively. Conversely, parties are entitled to rely on substantive rights which vested before the passage of a new statute. Walker & LaBerge v. Halligan, supra.
Appellee contends that the rights afforded by the statute are procedural rather than substantive and are therefore retroactive. We disagree. The right afforded by the statute is not, as appellee suggests, the right to file a frivolous suit; it is, instead, a right to recover attorney's fees when a justiciable issue as described in the statute is absent. That right did not exist prior to the enactment of Section 57.105, Florida Statutes (Supp. 1978). We disagree with appellee's argument that because the statute appears under the heading of court costs, it presents only a new procedural device for obtaining recovery. See generally, Allen v. Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). In our view, a new right has been created and the award of attorney's fees is not retroactive under the statute. Tuggle v. Government Employees Insurance Co., 220 So.2d 355 (Fla. 1969); Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977).
In light of our disposition of this cause, we need not consider the other issues presented on appeal.
Reversed.