435 So.2d 867 (1983)
MEIGS & COPE AGENCY OF FLORIDA, INC., Appellant/Cross-Appellee,
v.
Edythe KOFFEY, Appellee/Cross-Appellant.
No. 82-1880.
District Court of Appeal of Florida, Third District.
July 5, 1983.
As Amended on Rehearing August 23, 1983.
Weaver, Weaver & Lardin and Thomas D. Lardin, and Ben J. Weaver, Fort Lauderdale, for appellant/cross-appellee.
Morgan, Lewis & Bockius and Richard A. Pettigrew and Phyllis S. Bean, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Finding no merit in the points raised in the main appeal, we affirm the judgment for Koffey. In her cross-appeal, Koffey contends that the trial court's refusal to add prejudgment interest to the judgment in her favor was error because (a) such judgment was based on Koffey's contractual claim, the amount of which, even if, arguendo, in dispute,[1] became liquidated by the jury verdict; and (b) the defendant, Meigs & Cope, stipulated that Koffey was entitled to interest in the event that the defendant was found liable,[2] thus obviating the need to instruct the jury thereon and authorizing the court to add the interest to the amount of the verdict rendered. We agree with Koffey's contentions and find them to be amply supported by our decision in Jockey Club, Inc. v. Bleemer, Levine & *868 Associates Architects and Designers, Inc., 413 So.2d 433 (Fla. 3d DCA 1982). Accordingly, we remand the case to the trial court with directions that it add to the judgment an award of interest calculated at six per cent per annum from October 5, 1981,[3] the date upon which the debt was due and owing, to July 1, 1982, the effective date of the amendment to Section 687.01, Florida Statutes (1982), and at twelve per cent per annum from July 1, 1982, to the date of the judgment.
Affirmed as modified.
NOTES
[1] At the charge conference, counsel for Meigs & Cope stated, "We agree on damages, do we not? If you win you get ninety seven-five [$97,500]."
[2] Again, at the charge conference, in response to the assertion by Koffey's counsel that his client was entitled to interest, defense counsel agreed, "Ninety seven five and interest if you win."
[3] Under the insurance contract, the loss was to be paid in thirty days after submission of the proof of loss. By denying liability, the defendant waived the proof of loss required by the policy. See, e.g., Keel v. Independent Life & Accident Insurance Company, 99 So.2d 225 (Fla. 1957). Therefore, the debt became due thirty days after the loss which occurred on September 5, 1981.