NIMMONS, Judge.
Appellants appeal from a final judgment in a declaratory judgment action. They also appeal from a partial summary judgment entered prior to the nonjury trial. Upon consideration of the briefs, record and oral arguments, we find the points raised by appellants to be without merit and, therefore, affirm. However, one of the points raised by appellees on cross-appeal is well taken and requires reversal. Our discussion is limited to that point.
In 1977 appellant Frances Kelly and her now-deceased husband (hereafter “sellers”) sold their business consisting of seven convenience stores in Quincy to appellees, Paul G. Williams, Paul E. Williams, Taylor B. Williams, Fred G. Shelfer and Bruce Shelter (hereinafter “buyers”). The sellers leased to the buyers, with an option to purchase, the real property on which the stores were situated.[1] Buyers filed suit against sellers claiming, among other things, that sellers were responsible for continuing to make the rent payments on an existing prior lease (the “Munroe Lease”) on one of the store locations. In its partial summary judgment, the trial court found that the provisions of the lease agreement between sellers and buyers were such that the buyers did not assume and agree to pay the rental under the existing Munroe Lease but that, instead, the sellers continued to be responsible for such rental payments and property taxes under the terms of the lease agreement between sellers and buyers. We affirm that finding. In the final judgment, the court awarded buyers the sum of $15,887.40 which represented rental payments under the Munroe Lease and property tax payments which the buyers had to pay by reason of the sellers’ refusal to do so. These various payments were made by the buyers during the period from December, 1978, through April, 1983. The trial court, pursuant to Section 687.01, Florida Statutes, awarded buyers prejudgment interest on that total sum in the amount of $953.24. It is the manner in which the trial court arrived at such interest that buyers complain on appeal. We agree that the amount of prejudgment interest was erroneously computed.
It appears that the trial court arrived at the interest figure by applying the 6% per annum statutory rate to the total amount awarded ($15,887.40) for one year. The evidence was that appellees made the Munroe Lease rental payments and tax payments over a 4V2 year period. Implicit in the trial court’s final judgment is that appellants were legally obligated to reimburse appellees at the time the appellees made the various payments for rent and taxes. Prejudgment interest should have been awarded on each rental and tax payment until final payment.[2]
We also agree with appellees’ contention that the interest award failed to take into account Chapter 82-42, Laws of Florida, which amended Section 687.01, Florida Statutes, by increasing the rate of interest from 6% to 12%. The effective date of the act was July 1, 1982. We hold that the higher rate of interest is applicable for those payments of rent and taxes made by appellees from and after July 1, 1982. On remand, the trial court will recompute the amount of prejudgment interest by *1046 awarding interest on all such payments by appellees of rent and taxes in the following manner: for payments of rent and taxes made by appellees prior to July 1, 1982, interest shall be figured on each such payment at the rate of 6% per annum from the date of payment until the date of the judgment; for payments made from and after July 1, 1982, interest shall be figured on each such payment at the rate of 12% per annum from the date of payment until the date of the judgment. See Board of Public Instruction v. Wright, 77 So.2d 770 (Fla.1955); Meigs & Cope Agency of Florida, Inc. v. Koffey, 435 So.2d 867 (Fla. 3rd DCA 1983).
Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
THOMPSON and BARFIELD, JJ., concur.

. The individual buyers assigned their rights under the lease agreement to appellee W & S Service Centers, Inc., a corporation formed by the buyers for the purpose of operating the convenience stores. Although sellers/appellants alleged in the trial court that such assignment was violative of the lease agreement's provisions, the parties stipulated prior to trial that the sellers were entitled to disregard the assignment and deal with the individual lessees and that the individuals would remain personally liable under the lease agreement. The terms of that stipulation were incorporated into the final judgment, and the validity of the assignment is not an issue in this appeal.

. Appellees, understandably, do not contend that the interest period commenced to run from the date on which each rental payment was due to be paid to the lessor under the Munroe lease. That would be the case if the lessor under that lease were suing to recover for delinquent payments. In the instant case, however, the appellants’ obligation to pay appellees did not arise until appellees made such payments.