475 So.2d 743 (1985)
WILKINSON & JENKINS CONSTRUCTION COMPANY, INC., Appellant,
v.
FLORIDA ROCK INDUSTRIES, INC., Appellee.
No. 84-2529.
District Court of Appeal of Florida, Second District.
September 20, 1985.
Raymond C. Conklin of Stolba, Logan, Conklin & Verona, P.A., St. Petersburg, for appellant.
Nelly N. Khouzam and William T. Atchley, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
GRIMES, Judge.
Appellant (Wilkinson) purchased certain quantities of jetty stone f.o.b. place of shipment from appellee (Florida Rock). Wilkinson claimed that Florida Rock failed to properly load the jetty stone on the railroad cars for shipping, thereby causing appellant to incur excess freight charges. Wilkinson deducted what it believed to be the excess charges from its payment to Florida Rock and brought suit for declaratory judgment and damages. Florida Rock counterclaimed for the balance of the purchase price on theories of goods sold and delivered, open account and account stated. After a nonjury trial, the court determined that the jetty stone had been properly loaded and that Florida Rock was entitled to judgment for $15,977.03 plus prejudgment interest from May 1, 1981. Wilkinson's complaints with respect to that portion of the judgment are without merit.
The court awarded Florida Rock attorney's fees and set the rate of prejudgment interest at eighteen per cent. Florida Rock's counterclaim did not contain a prayer for attorney's fees or for interest above the statutory rate. However, at the beginning of the trial Florida Rock moved to amend its pleadings to include these claims. The court initially deferred ruling but later allowed Florida Rock to amend its pleadings to conform to the evidence with respect to claims for attorney's fees and prejudgment interest at the highest legal rate. The predicate upon which the court authorized *744 the amendment was two letters written by Florida Rock to Wilkinson which were introduced into evidence over Wilkinson's objection. One of the letters dealt with a prior purchase by Wilkinson from Florida Rock and the other pertained to the dispute over the excess loading charges which finally led to this litigation. At the bottom of each letter the following language was embossed as part of Florida Rock's stationery:
AGGREGATE GROUP TERMS OF SALE: All offers, quotations and shipments are upon the following terms. Payment due on or before 10th of the month following invoice date. Discount, if offered, and terms will be shown on invoice. All quotations are withdrawn after 30 days if not accepted by written purchase order. All orders, contracts and agreements are contingent upon strikes, accidents, and all other delays unavoidable or beyond our control. Our liability in the case of unsuitable materials is limited strictly to the proper replacement thereof. We do not guarantee freight rates. If invoice is not paid when due, interest on the unpaid balance will accrue at the highest rate allowed by law. If after due dates the account is placed in the hands of an attorney or collection agency for collection of all or part of amount of invoices, the customer shall be liable for all costs of collection including a reasonable attorney's fee or collection charge. All amounts due shall be paid to Florida Rock Industries, Inc.  Aggregate Group in Jacksonville, Duval County, Florida, at the address shown or at such other address as may be furnished from time to time in writing.
It was upon this provision that the court awarded Florida Rock attorney's fees and interest at the highest legal rate.
Absent extraordinary circumstances not pertinent to this case, attorney's fees may only be awarded pursuant to a contract or applicable statute or where a fund has been created or brought into court. Colvin v. Homan, 442 So.2d 370 (Fla. 2d DCA 1983). Likewise, unless altered by contract, the rate of prejudgment interest is established by section 687.01, Florida Statutes (1983). Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Florida Rock contends that the quoted provision contained at the bottom of its letters evidenced the parties' course of dealings and as such became a part of the contract for the purchase of the rock. Admittedly, there may be circumstances under which a party who breaches his contract could be assessed attorney's fees and interest in excess of the statutory rate even though he did not explicitly agree to the payment of such charges. Thus, had it been shown that Florida Rock submitted to Wilkinson the quoted terms as the basis upon which it would sell and Wilkinson then ordered the stone, the provision for the payment of attorney's fees and interest would have become part of the contract between the parties. Here, however, one of the letters which contained the quoted terms of sale had nothing to do with the transaction in question, and the other letter was not written until after the stone had been delivered and the dispute had ensued. There was simply no evidence that the quoted terms of sale were part of the contract for the purchase of the rock which is the subject of this lawsuit.
We affirm Florida Rock's judgment for $15,977.03 plus prejudgment interest from May 1, 1981. We reverse the award of attorney's fees and the interest calculation at eighteen per cent and remand for the entry of a new judgment reflecting prejudgment interest at the proper rate.
RYDER, C.J., and OTT, J., concur.