476 So.2d 294 (1985)
The CELOTEX CORPORATION, Appellant/Cross-Appellee,
v.
BUILDEX, INC. and Crossly Architectural Products, Inc., Appellees/Cross-Appellants.
No. 84-2252.
District Court of Appeal of Florida, Third District.
October 8, 1985.
*295 Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and S. Daniel Ponce and John F. Eversole, III, Miami, for appellant/cross-appellee.
Leiby & Elder and David R. Elder, Miami, for appellees/cross-appellants.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Celotex appeals that part of an amended final judgment entered in a suppliers' contract action which denies it prejudgment interest.
On January 25, 1981, Celotex made a demand for $129,203.04 on its account with Buildex. Buildex conceded that it owed Celotex certain amounts but made no payments, ostensibly because of the dispute over the amount. Buildex contends that prejudgment interest is not allowable because the dispute rendered the claim "unliquidated," and that the claim was not "liquidated" for the purpose of adding accrued interest until the court determined by judgment of September 12, 1984, that the amount due and owing was $86,313.23.
The settled law is that where a disputed contractual claim becomes liquidated by jury verdict as to the amounts recoverable, interest should be awarded from the date payment was due. Jockey Club, Inc. v. Bleemer, Levine & Associates, 413 So.2d 433 (Fla. 3d DCA 1982) and cases collected therein. See also Meigs & Cope Agency of Florida, Inc. v. Koffey, 435 So.2d 867 (Fla. 3d DCA 1983). Payment was due on January 25, 1981, the date from which interest is to be computed.[1]
A second issue is whether interest is to be based on contract or statute. Section 687.01, Florida Statutes (1981), the controlling statute in effect at the time the parties contracted, provided that:
In all cases where interest shall accrue without a special contract for the rate thereof, the rate shall be 6 percent per annum, but parties may contract for a lesser or greater rate by contract in writing.
*296 The statute was amended, effective July 1, 1982, to fix the interest rate at 12%.
It is undisputed that invoices sent to Buildex over the course of dealings between the parties contained a statement that "interest will be charged at the rate of 1 1/2% per month or 18% per annum on all past due accounts." No proof was presented, however, that the parties ever agreed in writing that interest shall accrue at 18% per annum. See Wilkinson & Jenkins Construction Co., Inc. v. Florida Rock Industries, Inc., 475 So.2d 743 (Fla. 2d DCA 1985) (preprinted clause at bottom of stationery used in correspondence providing for interest at highest legal rate in event of default insufficient basis for award of interest at rate above statutory rate absent evidence that terms were agreed to by parties and formed part of contract).
By cross-appeal Buildex contends the court erred in rejecting its affirmative defense and counterclaim, particularly that (1) there was a novation whereby Buildex was relieved of an obligation to pay, and (2) it is entitled to a set-off because some of the products delivered by Celotex were defective. The trial court's findings on the defenses and counterclaim are supported by competent substantial evidence and will not be disturbed. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
The denial of prejudgment interest is REVERSED and the cause is remanded for an award of prejudgment interest at the statutory rate. The judgment entered against Buildex on its counterclaim is AFFIRMED.
NOTES
[1] Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is a purely ministerial duty of the trial judge or clerk of the court. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).