508 So.2d 32 (1987)
Harry T. UMBEL, As Personal Representative of the Estates of Jeanette Maria Umbel and Michael Thomas Umbel, Deceased, Appellant,
v.
Dipakkumar M. UPADHYAYA, Appellee.
No. 86-2487.
District Court of Appeal of Florida, Second District.
May 6, 1987.
Rehearing Denied June 8, 1987.
Michael K. Bailey of Parrish and Bailey, P.A., Orlando, for appellant.
Thomas L. Clarke, Jr. of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee.
DANAHY, Chief Judge.
This is an appeal from an award of attorney's fees to the prevailing party (the appellee) in a medical malpractice action. Appellant contends that the trial court erred in making the award because the statute authorizing such an award was repealed prior to the court's entry of judgment. We find no error and affirm.
The cause of action in this suit accrued on October 23, 1983. Appellant filed this medical malpractice suit on July 19, 1985. When appellant filed his complaint, section 768.56, Florida Statutes (1983), was in effect. That statute provided that reasonable attorney's fees shall be awarded to the prevailing party in a medical malpractice action. During the pendency of this case in the trial court the legislature repealed this section. Ch. 85-175, § 43, Laws of Fla. The effective date of the repealing act was October 1, 1985. Ch. 85-175, § 55, Laws of Fla. Appellee moved for attorney's fees in March 1986, and they were awarded in August 1986. This appeal ensued.
At first glance, appellant's argument appears logical. Appellee did not become a prevailing party until after repeal of the statute at issue here, so, appellant argues, the right to fees as a prevailing party did not vest until it was known who the prevailing party was. Appellee, on the other hand, draws our attention to Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), wherein the supreme court held that the prevailing party's rights regarding attorney's fees in medical negligence actions vested on the date that the cause of action accrued. While Young v. Altenhaus disposes of the issue before us, we note that the court did not have before it the new law which took effect later that year, 1985. The provisions of chapter 85-175, section 48, Laws of Florida, *33 cause us to reach the same result. That section reads:
Except as otherwise provided, all provisions of this act shall apply prospectively, and shall not apply to actions filed on or before the effective date.
Our research discloses no provision in the act providing a different effective date for the repeal of section 768.56. We hold that appellee is entitled to attorney's fees as a prevailing party pursuant to section 768.56 Fla. Stat. (1983).
The judgment appealed from is therefore affirmed.
SCHEB and CAMPBELL, JJ., concur.