SCHOONOVER, Judge.
The appellants, cross-appellees, Jack Lie-beler, a/k/a John Liebeler, and Lois Liebeler (appellants) appeal the trial court’s denial of their motion for attorney’s fees. The appellees, cross-appellants, Raymond E.P. Zimmerman, M.D., Raymond E.P. Zimmerman, M.D., P.A., and Mease Hospital and Clinic (appellees), cross-appeal the court’s determination of the amount of attorney’s fees. Although we find that the court did not abuse its discretion in establishing the amount of attorney's fees, we find it erred in denying the appellants’ request for attorney’s fees. We, accordingly, affirm in part and reverse in part.
In April 1985 the appellants filed a medical malpractice action against the appel-lees. Their complaint was based upon a cause of action which accrued in 1983 while section 768.56, Florida Statutes (1983) was in effect. This section provided for the award of reasonable attorney’s fees to the prevailing party in a medical malpractice action. During the pendency of the action, however, the legislature repealed section 768.56. Ch. 85-175, § 43, Laws of Fla. The repealing act specified October 1,1985, as the effective date and explicitly provided that its provisions would not apply to actions filed on or before the effective date. Ch. 85-175, §§ 55, 48, Laws of Fla.
After a jury trial in September 1986 resulted in a verdict for the appellants, they *1311 moved for attorney’s fees pursuant to section 768.56. After an evidentiary hearing, the trial court entered an order finding that a reasonable attorney’s fee for the appellants’ attorneys amounted to $231,600. The court then held, however, that the appellants were not entitled to an award of those fees because section 768.56 had been repealed before the appellants had become prevailing parties. This timely appeal and cross-appeal followed. (The appellees have separately appealed the final judgment, but the appeals have not been consolidated.)
After the trial court’s ruling in this case, this court in Umbel v. Upadhyaya, 508 So.2d 32 (Fla. 2d DCA 1987), addressed the same issue which is involved in this matter. In Umbel, we relied on the supreme court’s decision in Young v. Altenhaus, 472 So.2d 1152 (Fla.1985), and held that the prevailing party’s right to attorney’s fees in medical negligence actions vested on the date the cause of action accrued. Since the appellants’ cause of action here accrued in 1983, while section 768.56 was in effect, their right to an award of reasonable attorney’s fees as prevailing parties was not extinguished by the subsequent repeal of the statute. See Umbel; Neviaser v. Stone, 510 S.2d 636 (Fla. 3d DCA 1987). We, therefore, reverse the order denying the appellants’ motion for attorney’s fees.
After having considered the criteria set forth by the supreme court in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), we find no error in the court’s determination of the amount of the attorney’s fees and, accordingly, affirm that determination. We, therefore, remand with directions to enter an order awarding attorney’s fees to the appellants if they are ultimately the prevailing parties in the action.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and LEHAN, J., concur.