## FOWLER v ST. LUKE'S HOSPITAL ASSOCIATION, et al.

### Case No. 86-7362-CA

Fourth Judicial Circuit, Duval County

October 29, 1988

### APPEARANCES OF COUNSEL

**Ned I. Price,** for plaintiffs.

**Thomas F. Slater,** Howell, Liles & Milton, for defendant, St. Luke's Hospital Association.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

*PRELIMINARY ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES*

THIS CAUSE came on for hearing on the defendant's motion to award attorney's fees to it as the prevailing party in this medical malpractice action. Because the time allotted for this hearing was insufficient to take testimony and hear argument on each aspect of the defendant's motion, the Court bifurcated these proceedings so as to permit argument initially only on whether or not attorney's fees can be awarded generally in cases where the underlying cause of action for the alleged malpractice arose while the fee recovery statute, Section 768.56, Florida Statutes, was in effect, but where suit is actually filed subse-

quent to the repeal of that statute in 1985. This appears to be a case of first impression on that particular set of facts.

The defendant's actions which were alleged to have been malpractice occurred in June, 1984, while Section 768.56 was in effect, giving the prevailing party in a malpractice action the right to recover attorney's fees. That particular provision was repealed in 1985. Thereafter, on June 2, 1986, the original complaint for medical malpractice was filed. The pure legal issue presented is whether the intervening repeal of that statute between the time the alleged malpractice occurred and the time the action was filed caused the party which ultimately prevailed in this action to lose its right to recover attorney's fees.

While there are no reported cases in Florida directly on this subject, the Supreme Court of this State has spoken in the case of *Young v Altenhaus*, 472 So.2d 1151 (Fla. 1985) in a manner which is instructive on the disposition of this issue. In *Young*, the Court held that the right of the prevailing party to recover its attorney's fees accrues as of the date of the underlying alleged malpractice, and that this is a substantive right and not a mere procedural matter. *See also, Umbel v Upadhyaya*, 508 So.2d 32 (Fla. 2d DCA 1987); *Neviaser v Stone*, 510 So.2d 636 (Fla. 3d DCA 1987); *Liebeler v Zimmerman*, 513 So.2d 1310 (Fla. 2d DCA 1987).

Because the entitlement of the prevailing party to recover attorney's fees is a substantive right which accrues at the time of the underlying alleged malpractice, which substantive rights the legislature could not take away by the repeal of the statute, the Court finds that the repeal of the statute prior to the filing of this action did not terminate the prevailing party's right to recover attorney's fees in this cause. Accordingly, it is

ORDERED:

The issue before this Court on the entitlement in general to attorney's fees is resolved in favor of the defendant. The parties are hereby directed to set for further hearing the remaining issue in the defendant's motion for award of attorney's fees.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 29th day of October, 1988.