# OLSON v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## Case No. 87-3095

Sixth Judicial Circuit, Pasco County

December 20, 1988

### APPEARANCES OF COUNSEL

**Craig A. LaPorte,** for plaintiffs.

**George McKendree,** for defendant.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### ORDER GRANTING PLAINTIFFS' MOTION TO AWARD ATTORNEY'S FEES AND REASONABLE COSTS

THIS CAUSE came on for consideration on the plaintiffs', Harold

Olson and Frances. Olson, Motion to Award Attorneys Fees and Reasonable Costs to which the defendant, State Farm Mutual Automobile Insurance Company, objects. This cause arises from an action for damages in excess of $5,000.00. This Court has jurisdiction and grants the plaintiffs' motion for the reasons enumerated below.

## FACTS

1. Plaintiff, Frances Olson, was involved in an automobile accident on June 19, 1986, with Frank Bonaventura.

2. Plaintiff, Harold Olson, was married to Frances Olson at the time of the accident.

3. At that time the Olsons had in effect a valid and binding insurance contract with the Defendant, State Farm Mutual Automobile Insurance Company, for uninsured/underinsured motorist coverage.

4. The Florida Legislature enacted Florida Statute 45.061, Offer of Settlement, which took effect on July 2, 1987. This statute does not contain a statement of legislative intent nor does it contain a provision concerning retroactive or prospective application.

5. The Olsons commenced their action against State Farm on September 10, 1987, seeking damages in excess of $5,000.00.

6. The Olsons presented an offer of settlement to State Farm in the amount of $25,000.00 on March 30, 1988, clearly stating that it was being made pursuant to section 45.061, F.S.

7. The Olsons did not withdraw their offer nor did State Farm accept the offer, thus the offer is deemed rejected under section 45.061(1).

8. A jury trial was held resulting in a verdict of $75,000.00 for Frances Olson and $25,000.00 for Harold Olson on September 15, 1988.

9. Final Judgment was rendered on September 28, 1988, for the Olsons in the amount of $50,000.00. The Final Judgment represented the $100,000.00 verdict less $25,000.00 from a settlement with the tortfeasor, Frank Bonaventura, and less $25,000.00 due to the $50,000.00 per person limit of the insurance contract. The Final Judgment reserved jurisdiction for the Court to award attorney's fees, reasonable expenses and costs, and interest to the extent they are applicable.

10. The $50,000.00 Final Judgment is greater than the Olsons' $25,000.00 offer of settlement by more than 25% and this offer is presumed to be unreasonably rejected under section 45.061(2).

11. The Olsons timely moved for an award of attorney's fees and reasonable costs on October 7, 1988, pursuant to section 45.061.

12. A hearing was held on November 4, 1988, on the above motion where counsel presented oral argument and were thereafter directed to submit memorandum of law.

13. The Olsons have complied with all of the requirements of section 45.061.

## DEFENDANT'S ARGUMENTS

State Farm objects to the award of attorney's fees under section 45.061 for two reasons. State Farm first contends that section 45.061 can not be retroactively applied to the case at bar because a provision for attorney's fees is substantive in nature and vests when the cause of action accrues. As support for its position that a right to attorney's fees is substantive rather than remedial, State Farm relies, inter alia, on *Richardson v Honda Motor Co., Ltd.,* 686 F.Supp. 303 (M.D. Fla. 1988), *Young v Altenhaus,* 472 So.2d 1152 (Fla. 1985), and *Love v Jacobson,* 390 So.2d 782 (Fla. 3d DCA 1980). As support for its position that the right to attorney's fees vests when the cause of action accrues, State Farm relies, inter alia, on *L. Ross, Inc. v R.W. Roberts Construction Co., Inc.,* 466 So.2d 1096 (Fla. 5th DCA 1985), as approved by separate opinion by the Florida Supreme Court at 481 So.2d 484 (Fla. 1986), *Liebeler v Zimmerman,* 513 So.2d 1310 (Fla. 2d DCA 1987), and *St. John's Village I v Department of State,* 497 So.2d 990 (Fla. 5th DCA 1986).

State Farm also contends that section 45.061 is unconstitutional because it encroaches upon the Florida Supreme Court's exclusive authority to enact procedural rules. As support for its position, State Farm relies on the Petition of the Civil Rules Committee of the Florida Bar filed with the Florida Supreme Court on November 1, 1988.

## PLAINTIFFS' ARGUMENTS

The Olsons respond that the award of attorney's fees and reasonable costs pursuant to section 45.061 is permissible because section 45.061 is remedial in nature and not substantive. The Olsons assert that section 45.061 was designed to effectuate reasonable settlements and does not affect any vested rights of the parties, therefore, it is remedial and may be applied retroactively. As support for their position, the Olsons rely, inter alia, on *Village of Elportal v City of Miami Shores,* 362 So.2d 275 (Fla. 1978), *Kelly v W & S Service Centers, Inc.,* 451 So.2d 1044 (Fla. 1st DCA 1984), *Johnson v State,* 371 So.2d 556 (Fla. 2d DCA 1979), and *Ratner v Hensley,* 303 So.2d 41 (Fla. 3d DCA 1974). The Olsons

also argue that State Farm's cases are distinguishable because those cases concern attorney's fees as "damages" rather than as "sanctions."

The Olsons also respond that section 45.061 is a valid legislative enactment which does not violate constitutional provisions regarding separation of powers. As support for their position the Olsons rely on *Smith v Department of Insurance,* 507 So.2d 1080 (Fla. 1987), *Adams v Wright,* 403 So.2d 391 (Fla. 1981), and *In Re Florida Rules of Civil Procedure,* 272 So.2d 65 (Fla. 1972).

## DECISION

The first issue is whether section 45.061, F.S., encroaches upon the Florida Supreme Court's exclusive authority "to adopt rules for the practice and procedure in all courts," as governed by Article V, Section 2(a), of the Florida Constitution.

Section 45.061 is a five part statute enacted in 1987 allowing the courts to impose sanctions on parties that unreasonably reject an offer of settlement in certain circumstances. The purpose of the statute is readily apparent in that it was designed to encourage the making of reasonable offers of settlement and conversely, discourage the rejection of reasonable offers of settlement. The benefits to the parties and to judicial administration are obvious and warrant no further discussion. The subsections operate as follows:

Subsection (1) sets out the time requirements that need to be adhered to for the offeror to make a valid section 45.061 offer of settlement. It provides that an offer must be made at least 60 days after the service of the summons and the complaint, that the offer must remain open for at least 45 days, and that the offer must be made at least 60 days before trial (45 days for a counteroffer). The 60 day waiting period after service of the summons and complaint combined with the 45 day open offer period purportedly provides the offeree with a sufficient amount of time to evaluate the circumstances of the case as well as the reasonableness of the offer. The 60 day/45 day period deadline before trial insures the offer/counteroffer will be accepted or rejected before trial. Subsection (1) also deems an offer rejected if it is not accepted within 45 days and provides for the inadmissibility of the offer at trial.

Subsection (2) permits the courts to impose a sanction on the party that unreasonably rejects an offer of settlement. This subsection clearly indicates that a sanction is discretionary with the courts and instructs the courts to consider all relevant circumstances at the time of the rejection when making a ruling on the imposition of a sanction. Also

**19**

included in this subsection is a percentage guideline of what the legislature considers to be a presumptively unreasonable rejection of an offer of settlement.

Subsection (3) specifies the sanction to be imposed by the court on the unreasonable party. Subsection (4) excludes certain types of action from this section. Subsection (5) provides for the imposition of sanctions, notwithstanding any limitation on costs or expenses which may be provided by contract or in other provisions of Florida law.

Florida follows the "American Rule" concerning attorney's fees. By now it is axiomatic that attorney's fees are not recoverable absent a statute or contractual provision between the parties. See *Fleischmann Distilling Corporation v Maier Brewing Company,* 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), *Ex Parte Graham,* 186 So.2d 202, 136 Fla. 20 (1937), and *Israel v Lee,* 470 So.2d 861 (Fla. 2d DCA 1985). Section 45.061 carves out an exception to the American rule by providing a right to attorney's fees and reasonable costs as a sanction in favor of the party that makes an offer of settlement but is compelled to proceed further in litigation because the offer was unreasonably rejected. Prior to the enactment of section 45.061 no such right existed in the Florida Statutes or the Florida Rules of Civil Procedure. [1]

State Farm contends that section 45.061 is invalid because it encroaches upon the Florida Supreme Court's exclusive authority to enact procedural rules. This Court does not agree with this contention because section 45.061 does not supplant any existing rule of civil procedure nor does it prescribe any procedure for the parties to follow in order to maintain or defend an action. Rather, it merely provides a right to attorney's fees and reasonable costs where a party unreasonably rejects an offer of settlement, thereby subjecting the opposing party to unnecessary expenses and delays.

In *Whitten v Progressive Casualty Insurance Co.,* 410 So.2d 501 (1982), the Florida Supreme Court upheld the constitutionality of section 57.105 concerning the award of attorney's fees against a party and the party's attorney for maintaining a nonjustifiable action. The Court held that "an award of attorney's fees is a matter of substantive law properly within the aegis of the legislature.", id. at 504. This Court reasons that if the Legislature is authorized to award attorney's fees against a party and his attorney for maintaining a nonjusticiable action, then it is also authorized to award attorney's fees against a party for maintaining an action unreasonably. Sections 45.061 and 57.105 serve

---

[1] Rule 1.442 of the Florida Rules of Civil Procedure concerning offers of judgment provides only a right to costs and applies only to defendants.

the same or at least similar public policies and there is nothing to distinguish the two statutes to hold the *Whitten* holding regarding section 57.105 inapplicable to section 45.061. Consequently, this Court holds that section 45.061 does not encroach upon the Florida Supreme Court's exclusive authority to adopt procedural rules of court per Article V, section 2, of the Florida Constitution.

The second issue is whether section 45.061 may be applied to the case at bar. State Farm contends that section 45.061 is 1) substantive in nature, and 2) did not exist at the time of the accrual of the underlying cause of action. Thus, the imposition of sanctions pursuant to section 45.061 to the case at bar would be an impermissible ex post facto application of the statute. State Farm does not contest any of the facts of the matter at bar. All of the requirements of section 45.061 were met after the enactment of the statute and State Farm was duly noticed thereof. State Farm does not claim any prejudice or surprise, nor does the court file reflect any objection to the offer of settlement. State Farm's sole contention is that the underlying cause of action accrued prior to the enactment of section 45.061 and therefore section 45.061 can not be applied to this case.

Florida case law is replete with decisions holding that the right to attorney's fees is a substantive right and thus can not be retroactively applied. See *Young v Altenhaus,* 472 So.2d 1152, (Fla. 1985), *L. Ross, Inc. v R.W. Roberts Construction, Inc.,* 481 So.2d 484 (Fla. 1986), and *Liebeler v E.P. Zimmerman,* 513 So.2d 1310 (Fla. 2d DCA 1987). The Olsons respond that the attorney's fees in the case at bar are being awarded as "sanctions" not as "damages" and therefore, section 45.061 is remedial in nature. The Olsons have not presented a decision with a holding to this effect.

Regardless of titles or labels, attorney's fees are substantive in nature if they create a new obligation on a party where none existed before. See *Whitten* supra. Until the enactment of section 45.061 there was no statute or rule providing for attorney's fees for unreasonably prolonging litigation. Section 45.061 remedied that situation by creating a sanction for attorney's fees and reasonable costs through section 45.061 offers of settlement where none existed before. Consequently, this Court holds that section 45.061 is substantive in nature and can not be applied retroactively without violating the constitutional safeguard proscribing ex post facto laws.

State Farm's contention that the imposition of section 45.061 sanctions to the case at bar would constitute a retroactive application of the statute is not persuasive. State Farm has cited many cases in which attorney's fees were awarded as part of the remedy of the underlying

cause of action.[2] However, State Farm has cited but one case where attorney's fees were awarded based on the unreasonable conduct of a party during litigation. See *Richardson v Honda Motor Company, Ltd.*, 686 F.Supp. 303 (M.D. Fla. 1988), discussing section 45.061. Although decisions of federal courts interpreting state law may be persuasive, they are not binding on state courts under the doctrine of stare decisis. See *International Association of Bridge, Structural & Ornamental Ironworkers, AFL-CIO v Blount International, Ltd.*, 519 So.2d 1009 (Fla. 2d DCA 1988).

Within the last few years the Legislature has enacted at least three different statutes that allows the courts to award attorney's fees based on unreasonable conduct of a party during litigation. These statutes are section 45.061, Florida Statutes (1987), section 768.79, Florida Statutes (1986), and section 44.303, Florida Statutes (1987).

Section 768.79 provides for an award of attorney's fees and reasonable costs in much the same manner as section 45.061. Section 768.71, however, expressly provides that section 768.79 does not apply to any cause of action arising on or before July 1, 1986. Section 44.303 allows circuit courts to award attorney's fees in situations where a party moves for a trial de novo after an arbitration decision and then fails to obtain a more favorable judgment. Section 44.303 was obviously designed as an enforcement mechanism for the remedial provisions of Chapter 44 authorizing court order non-binding arbitration.

These statutes reflect a trend of the Legislature to provide for the award of attorney's fees separate and distinct from the underlying cause of action based solely on unreasonable party conduct through the overzealous pursuit of an unjustifiable judgment. Under all three statutes it is possible for a plaintiff to prevail on the underlying substantive claim and yet lose on the separate and distinct claim for attorney's fees and reasonable costs. These statutes were enacted to address the growing concern over the overburdened court system and are also designated to alleviate the unnecessary expenses and delays of litigation. They allow the aggrieved party to be reimbursed for only the actual expenses of litigation that were made necessary by the unreasonable conduct of the opposing party. Each statute contains a provision

---

[2] *Young v Altenhaus*, 472 So.2d 1152 (Fla. 1985), *Parrish v Mullis*, 458 So.2d 401 (Fla. 1st DCA 1984), and *Liebeler v E.P. Zimmerman*, 513 So.2d 1310 (Fla. 2d DCA 1987) discuss the award of attorney's fees pursuant to section 768.56, Florida Statutes, as part of the remedy for a medical malpractice action. *L. Ross, Inc. v R.W. Roberts Construction Co., Inc.*, 481 So.2d 484 (Fla. 1986) discussed the award of attorney's fees pursuant to section 627.428, (formerly section 627.0127), Florida Statutes (1983), as part of the remedy for a mechanic's lien action.

for the court to oversee the matter of unreasonableness and to use its discretionary powers in those situations where it is proper.

Recently the Florida Supreme Court has departed from its traditional position on attorney's fees. In *Finkelstein v North Broward Hospital District*, 484 So.2d 1241 (Fla. 1986) the Florida Supreme Court relied on the United States Supreme Court decision of *White v New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), when it held that a statutory claim for attorney's fees is "collateral and independent" from the main claim. One year later, the Florida Supreme Court in *Cheek v Mc-Gowan Electric Supply Co.*, 511 So.2d 977 (Fla. 1987), extended the *Finkelstein* holding to contractual claims for attorney's fees. The Court held "A contractual provision authorizing the payment of attorney's fees is not part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation.", id. at 979.[3] These decisions have changed the law of attorney's fees significantly and represent a more realistic approach to the role attorney's fees play in Floridian jurisprudence.

The *White, Finkelstein,* and *Cheek* decisions, supra, delineate the statutory and contractual right to attorney's fees provided for within the underlying cause of action as "collateral and independent" from the main claim. In the case at bar we have a situation where the right to attorney's fees arises from a separate statute which may be applied within the litigation on the underlying claim. A section 45.061 sanction may be applied to either party without regard to who prevailed on the underlying claim. It is difficult to label the section 45.061 right to attorney's fees as "collateral" because it arises from a different statutory scheme, a non-prevailing party of the main claim may recover on it, and the right need not be invoked by either party during litigation. On the other hand, the section 45.061 right to attorney's fees is not mutually exclusive of the main claim either because it is necessary that there be final judgment on the main claim in order for the section 45.061 right to vest. Regardless of the wording employed to describe the relationship between the section 45.061 right to attorney's fees and the main claim, it follows, a fortiori, that if a claim for attorney's fees

---

[3] The *Cheek* decision was relied on by the Second District Court of Appeal in *Allied Fidelity Insurance Company v Scott*, 516 So.2d 315 (Fla. 2d DCA 1987), by the Third District Court of Appeal in *Protean Investors, Inc. v Travel Etc., Inc.*, 519 So.2d 7 (Fla. 3d DCA 1987), and by the Fourth District Court of Appeal in *Stankee Development Corporation, N.V. v Citicorp Savings of Florida*, 526 So.2d 90 (Fla. 4th DCA 1987). *Protean* represents the furthest extension of the *Finkelstein* holding to date.

arising from within the underlying substantive cause of action is "collateral and independent" of the main claim, then a claim for attorney's fees arising from a statutory scheme separate from the main claim must be something beyond "collateral and independent."

Given the Legislature's implicit intent when it enacted section 45.061 which awards attorney's fees and reasonable costs for unreasonable party conduct, combined with the Florida Supreme Court's recent decisions on attorney's fees, this Court holds that the right to attorney's fees under section 45.061 is separate and distinct from the underlying cause of action.

The remaining matter of whether section 45.061 is being applied retroactively to the instant case, turns on the timing of the events. In the case at bar all of the required events prescribed within section 45.061 occurred after the date of its enactment. The written offer of settlement was presented on March 30, 1988, clearly stating its basis and the Olsons' intent to pursue it in the future. State Farm's rejection of the offer and the Olsons' favorable judgment obviously occurred after the offer was presented. The only event which occurred prior to the enactment of section 45.061 is the breach of the uninsured/underinsured motorist insurance contract which constitutes the accrual of the underlying cause of action. See *Department of Transportation v Soldovere,* 519 So.2d 616 (Fla. 1988) and *State Farm Mutual Automobile Insurance Company v Kilbreath,* 419 So.2d 632 (Fla. 1982).

Because this Court holds that the section 45.061 right to attorney's fees is separate and distinct from the underlying cause of action, this Court further holds that it is proper to look at the date of the offer of settlement rather than the date of the accrual of the underlying cause of action. The date of the offer of settlement is the initial point of section 45.061 rights. State Farm is correct in its contention that a substantive law can not be applied retroactively, however, it has erred in standing that the statute is, in fact, being applied retroactively.

The general rule of law is that a statute speaks from the day it goes into effect. See *Dewberry v Auto-Owners Insurance Company,* 363 So.2d 1077 (Fla. 1978) and *Automobile Insurance Company v Hartford, Connecticut v Beem,* 469 So.2d 138 (Fla. 3d DCA 1985). "A law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." See Black's Law Dictionary, 5th Ed. (1979), *McCord v Smith,* 43 So.2d 704 (Fla. 1949) and *Heberle v P.R.O. Liquidating Company,* 186 So.2d 280 (Fla. 1st DCA 1966).

24

In the case at bar the offer of settlement, rejection of the offer of settlement, and a favorable judgment greater than 255 of the offer of settlement, are the required elements of section 45.061 and constitute its "transactions and considerations." All of these events occurred subsequent to the date section 45.061 was enacted. If the Olsons had made their offer of settlement prior to the date section 45.061 was enacted, then this would be a classic case of a retroactive application of a substantive law. The Olsons, however, made their offer of settlement based on this section and clearly informed State Farm of their future intentions. State Farm was not prejudiced or surprised in any way. Consequently, this Court holds that section 45.061 is being applied prospectively rather than retroactively.

There are two decisions of a similar statute that warrant discussion in regard to State Farm's contention that attorney's fees can not be awarded in the case at bar. See *Love v Jacobson,* 390 So.2d 782 (Fla. 3d DCA 1980) and *Porteous v Fowler,* 394 So.2d 154 (Fla. 4th DCA 1981). Both decisions discuss the award of attorney's fees pursuant to Florida Statute 57.105. Section 57.105 is a separate statutory scheme which mandates the award of attorney's fees in any civil action where the court finds there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party. Section 57.105 is similar to section 45.061 in that they both serve the same public policies. However, *Love* and *Porteous* support this Court's position that it is proper to look at a date other than the date of the accrual of the underlying cause of action.

In *Love* the Third District Court of Appeal held that section 57.105 was not applicable in an action which was commenced approximately a year and a half before section 57.105 was enacted. In *Porteous* the Fourth District Court of Appeal held that section 57.105 was not applicable in an action where 57.105 became effective five months after the plaintiff's amended complaint was filed. In neither case did those courts look to the date of the accrual of the underlying cause of action to determine the applicability of a separate statutory scheme for the award of attorney's fees. This Court can find no basis for doing so either.

In sum this Court holds:

1. Section 45.061 does not encroach upon the Florida Supreme Court's exclusive authority to adopt rules of procedure for court per Article V, Section (2) of the Florida Constitution.

2. Section 45.061 is substantive in nature, not remedial.

3. Section 45.061 is being applied prospectively rather than retroactively in the case at bar. It is thereupon,

ORDERED AND ADJUDGED that the plaintiffs' motion for attorney's fees and reasonable costs is granted and that the plaintiffs' attorney is directed to set the matter for any further proceedings to determine the amounts due.

DONE AND ORDERED in chambers at New Port Richey, Pasco County, Florida, this 20th day of December, 1988.