LEVY, Judge.
This case involves an action for breach of contract to recover damages and lost profits on Christmas tree sales. The defendants appeal an adverse Final Judgment awarding the plaintiff $63,110.00 in damages.
Defendant Raymond Molina is the president and sole shareholder of defendant Developers of America, Corp. [Developers]. Molina, as president of Developers, entered into a lease agreement with the plaintiff, ABC Promotions Unlimited [ABC], to lease a specific piece of property owned by Developers for the sale of Christmas trees. Thereafter, Developers sold the property to defendant Sunset Park Centre, Ltd. [Sunset Park]. Developers became a limited partner in the general partnership with the new owners, Sunset Park.
Molina, acting as an agent of Sunset Park, then made arrangements to lease the same piece of property to Thomas Maintenance, Inc. [Thomas] on October 22, 1986, for the same period of time and for the same purpose of selling Christmas trees.
When ABC attempted to take possession of the leased property, it discovered that three tents belonging to Thomas were already set up at the primary entrance points to the property. ABC was forced to set up its tent behind the Thomas tent and, in an effort to minimize its losses, bought out Thomas for $11,590 on December 6, 1986, thereby obtaining sole use of the property.
ABC’s president, who had five years experience in selling Christmas trees, testified at trial that, although this was his first time selling trees at the location in question, he projected that ABC would sell between 2,500 and 3,500 trees at the leased premises. The cost to ABC per tree was $12.00. ABC expected to sell each tree for $36.00, thereby realizing a $24.00 per tree profit. ABC actually sold a total of 1,746 trees during the lease term.
The trial court held that Developers was liable for breach of contract, and that *1044 Molina was liable individually for negligent conduct. Out of the $63,111.60 total award to ABC, $42,096.00 was awarded for lost profits based upon a projected sale of 3,500 trees at a $24.00 per tree profit margin. We find that there was substantial competent evidence in the record to support the lost profits award.[1]
However, we hold that the trial court erred in calculating the interest award of $8,725.60 from October 22, 1986, (the date the second lease was entered into with Thomas) because the contractual claim for lost profit damages and tree removal did not become liquidated until December 25, 1986, which was the date that the full extent of ABC’s damages was, in fact, fixed and ascertainable. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985) (jury verdict had effect of fixing damages as of a prior date and liquidating claim); Celotex Corp. v. Buildex, Inc., 476 So.2d 294 (3d DCA 1985) (same), review denied, 486 So.2d 595 (Fla.1986). The court also erred in awarding interest from the October 22, 1986 date in connection with the amount ABC paid to buy out Thomas. Interest on this amount only is recoverable from the date it was actually paid, to-wit: December 6, 1986. Accordingly, this case must be returned to the trial court so that it can re-calculate the interest on the $42,096.00 in lost profits damages from December 25, 1986, the interest on the $700 in tree removal costs from December 25, 1986, and the interest on the $11,-590.00, which was the cost of buying out Thomas, from December 6, 1986.
Finally, we find that the trial court erred in holding Molina individually liable. While corporate officers may be held personally liable for their own torts committed within the scope of their employment, see White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So.2d 659, 661 (Fla. 1st DCA 1986); Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 640 (Fla. 3d DCA 1983), under the facts of this case, the negligence cause of action which was brought against Molina by ABC does not lie. Thus, we reverse the finding of Molina being personally liable.
Affirmed in part and reversed in part and remanded with instructions.

. The trial court's order stated that:
Plaintiffs [sic] are entitled to recover the following damages:
3500 X $24.00 profit margin $84,000.00
Less the number or trees actually sold, 1746 x [$]24.00 $41,904.00
Total lost profit damages $42,096.00
Plus amount paid to Thomas Maintenance $11,590.00
Plus amount paid to remove trees $ 700.00
Plus interest at 12% since October 22, 1986 at a per diem rate of $17.88 ⅜ $ 8,725.60
⅜ Total principal amountSO'of Judgment $63,111.60