PER CURIAM.
Appellants, defendants in an action on a construction contract, are correct in all three issues raised by this appeal from an adverse judgment.
First, in the absence of an agreement fixing the rate of interest in the event of an action to enforce the contract, the statutory interest rate applies. Celotex Corp. v. Buildex, Inc., 476 So.2d 294 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 595 (Fla.1986). Second, in an action against a corporation which has been involuntarily dissolved and reinstated, the judgment against the corporation has no effect upon any personal liability of the directors, officers or agents of the corporation for actions taken during the period between dissolution and reinstatement. § 607.271(5), Fla.Stat. (1989). It was therefore improper to enter a judgment against Dolores Burns as the surviving trustee. Finally, prejudgment interest began to run from the date the claim became liquidated by agreement of the parties, which, according to the un *1011 disputed evidence, was no sooner than August 11, 1988.
The judgment in favor of Triangle Marine is affirmed in part, reversed in part, and remanded for the entry of a new judgment in accordance with this opinion.