LEVY, Judge.
Richard Shaw (“Shaw”), the purchaser, entered into a contract on October 15, 1986, with R. Jennings Manufacturing Co., Inc. (“Jennings”), the seller, for the purchase and marketing rights of screen-printing machines. The contract provided that Shaw would purchase a minimum of 25 printing machines within a one-year period ending October 15, 1987. Shaw was given the exclusive right to market the equipment. The contract also contained a renewal option which could be exercised by Shaw if he fully performed his obligations pursuant to their agreement.
With five months remaining on the contract’s term, Shaw had not purchased any of the equipment. Jennings made several phone calls in the earlier part of the contract period to obtain assurances that Shaw would be honoring the contract. Jennings did not receive such assurances. In fact, there is evidence in the record to reflect that Shaw advised Jennings that he (Shaw) would not be performing pursuant to the contract.
Subsequently, Jennings entered into a similar arrangement with a Marian Priddy for the purchase and exclusive marketing rights of the equipment. This new agreement was entered into before the end of the Shaw-Jennings contract. Shaw became aware of this new arrangement at a business show in June of 1987. At the end of the Shaw-Jennings contract period, Prid-dy had purchased four of the machines originally to be purchased by Shaw, while Shaw still had riot purchased any of the machines.
Jennings brought a breach of contract action against Shaw in March of 1989. Shaw asserted affirmative defenses claiming that Jennings committed an anticipatory breach of the contract which barred its recovery, and that Jennings violated the exclusive marketing agreement. Shaw also counterclaimed for breach of the exclusive marketing agreement. The issue of liability was tried in November of 1989. According to Jennings’ testimony, Shaw verbally stated he had no intention of performing the contract. Shaw testified that he was preparing to fully perform the contract. The trial court found that Shaw had repudiated the contract and dismissed Shaw’s counterclaim with prejudice. In February of 1990, the damages issue was tried and the trial court awarded Jennings lost profits on 21 of the 25 machines in the *1042 amount of $55,650.00, taking into account the four machines purchased by Priddy. The court also awarded prejudgment interest beginning from the date Jennings brought suit against Shaw. Shaw appeals the trial court’s finding of liability and Jennings cross-appeals the trial court’s calculation of the prejudgment-interest time period.
Clearly, the record contains substantial competent evidence which supports the trial court’s judgment regarding the breach of contract and the awarding of damages in connection therewith.
We find, however, that Jennings, the seller, was entitled to have the date of October 15, 1987, used as the point in time at which the prejudgment interest calculations should have commenced. On remand, therefore, the trial court is directed to recalculate Jennings’ prejudgment interest using the October 15, 1987, date. See Celotex Corp. v. Buildex, Inc., 476 So.2d 294 (Fla. 3d DCA 1985).
Accordingly, the judgment of the trial court is affirmed in all respects except to the extent that the prejudgment interest must be recalculated.
Affirmed in part, reversed in part and remanded with directions.