PER CURIAM.
Appellants/cross-appellees Henry A. Morroni and F. Annette Morroni entered into a contract to reimburse appel-lees/cross-appellants Philip L. Burnett and his law firm, Philip L. Burnett, P.A., for services rendered in removing from bankruptcy court jurisdiction eight causes of action on promissory notes that had been assigned to the Morronis. The reimbursement to Mr. Burnett was to come from a percentage of the proceeds of the causes of action on the promissory notes in state court if the Morronis were successful in recovering money from those defendants. Mr. Burnett then successfully fulfilled his part of the bargain in the bankruptcy court. When the suits on the promissory notes resumed in state court, the defendants settled and agreed to pay a sum certain to the Morronis. The Morronis paid Mr. Burnett his agreed-upon percentage from the proceeds of the first two suits that settled but refused to pay him his percentage of the proceeds from the remaining suits that were consolidated and then settled some time later. So Mr. Burnett timely filed a charging lien on the settlement proceeds from the consolidated suits on the remaining promissory notes before final judgment was rendered. When the circuit court entered judgment in favor of Mr. Burnett on his charging lien, the Morronis appealed, and Mr. Burnett and his law firm cross-appealed.
*196 We affirm the order enforcing the charging lien, the subject of the main appeal, without further discussion. On the cross-appeal, we affirm in part and reverse in part.
Mr. Burnett raised two issues on the cross-appeal. We affirm that part of the final order in the consolidated suits that established Mr. Burnett’s percentage recovery on the net amount the Morronis received from the defendants on the remaining promissory notes — after deductions for the other attorneys who actually appeared in the consolidated suits and costs — rather than his percentage of the gross amount before these deductions. But we reverse that part of the circuit court’s order that refused to apply the statutory interest rate when awarding prejudgment interest beginning November 20, 2006. In this the circuit erred as a matter of law. See § 687.01, Fla. Stat. (2006); Perdue Farms Inc. v. Hook, 777 So.2d 1047, 1053 (Fla. 2d DCA 2001) (“In short, when a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.”) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985)); see also Wilkinson & Jenkins Constr. Co. v. Fla. Rock Indus., Inc., 475 So.2d 743 (Fla. 2d DCA 1985).
Main appeal affirmed; cross-appeal affirmed in part and reversed in part; case remanded to the circuit court for recalculation of prejudgment interest accruing at the statutory rate beginning November 20, 2006.
CASANUEVA, C.J., and VILLANTI and WALLACE, JJ., Concur.