396 So.2d 234 (1981)
Brenda CAIN and the State of Florida Department of Health and Rehabilitative Services, Appellants,
v.
Leon Andrew SIMS, Appellee.
No. WW-345.
District Court of Appeal of Florida, First District.
March 25, 1981.
Joseph R. Boyd and W. Crit Smith of Boyd, Harris & Smith, P.A. and Chriss Walker of Child Support Enforcement, Dept. of Health and Rehabilitative Services, Tallahassee, for appellants.
John Robert Grass, Pensacola, for appellee.
OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
Appellee, the defendant in a paternity action brought under Chapter 742, Florida Statute (1979), was awarded attorney's fees (challenged here) after the plaintiff had taken a voluntary nonsuit pursuant to Rule 1.420(a), Fla.R.Civ.P.
Without deciding whether the case of Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), is precedent requiring denial of all post-dismissal motions for award of statutorily allowed attorney's fees,[1] we simply hold that Section *235 742.031, Florida Statutes (1979), which allows an award of reasonable attorney's fees to the complainant, her guardian or such other person assuming responsibility for the child as the judge may direct, does not authorize an award of attorney's fees to the defendant. After considering the statutory scheme of Chapter 742, we have no trouble summarily disposing as without merit appellee's contention that under such a construction the statute denies him equal protection and due process under the Florida Constitution, Article I, Section 2. See generally Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980).
The post-dismissal order, dated July 2, 1980, awarding attorney's fees to the defendant under Chapter 742, is reversed.
LARRY G. SMITH and THOMPSON, JJ., concur.
NOTES
[1] The decisions are not totally clear concerning whether attorney's fees are recoverable only if found to be part of an award of costs. See Randle-Eastern Ambulance Service, Inc. v. Vasta, supra, (prohibiting attorney's fees as recompense to defendant for plaintiff's voluntary nonsuit); City of Hallandale v. Chatlos, 236 So.2d 761 (Fla. 1970) (attorney's fees awardable as costs after notice of dismissal filed in condemnation case); MacBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979) (attorney's fees under § 57.105 awarded as costs after voluntary dismissal); but see Love v. Jacobson, M.D., 390 So.2d 782 (Fla.3d DCA 1980) (seeming to question a § 57.105 fee award as costs); Hayden v. Hayden, 373 So.2d 436 (Fla.3d DCA 1979) (attorney's fees denied after a voluntary dismissal in a dissolution case without differentiating fees recoverable as costs and those recoverable by contract or statute); Gordon v. Warren Heating and Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) (implying that attorney's fees in a mechanic's lien case were awardable as costs after a voluntary dismissal).