446 So.2d 727 (1984)
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Jessie CISNEROS, Jr., Appellee.
No. 83-1586.
District Court of Appeal of Florida, Second District.
March 14, 1984.
Geraldyne H. Carlton of Carlton & Carlton, Lakeland, for appellant.
No Appearance for appellee.
BOARDMAN, Judge.
The Florida Department of Health and Rehabilitative Services appeals the trial court's order awarding attorney's fees to Jessie Cisneros, Jr., the successful defendant in a paternity action brought by the department on behalf of a mother receiving public assistance for her dependent child.
The record establishes that the department initiated this action in discharge of its statutory obligation under section 409.2561 and section 409.2564, Florida Statutes (1981), in good faith reliance upon information furnished by the mother in both her application for public assistance and paternity questionnaire. Although the mother reasserted her allegations in sworn responses to defense interrogatories, Cisneros was ultimately absolved from responsibility when blood grouping examinations excluded him as a possible biological father of the child. The trial court subsequently rendered judgment for Cisneros and granted *728 his motion to tax $300 in attorney's fees against the department and the mother.
While we can appreciate the trial court's desire to relieve Cisneros of the cost of his defense, we find no statutory basis for an award of attorney's fees under the facts presented. As the department correctly asserts, neither section 57.105 nor section 742.031, Florida Statutes (1981), supports the trial court's award. This action was not "`so clearly devoid of merit both on the facts and the law as to be completely untenable,'" and thus subject to an award of attorney's fees under section 57.105, Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla. 1982) (quoting Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA 1980)), nor was Cisneros a party entitled to receive attorney's fees under section 742.031. See Cain v. Sims, 396 So.2d 234 (Fla. 1st DCA 1981) (award of attorney's fees to defendant in paternity action reversed; chapter 742, Florida Statutes (1979), upheld against defendant's due process and equal protection attack.)
Accordingly, we REVERSE the trial court's order.
OTT, C.J., and CAMPBELL, J., concur.