COBB, Judge.
The issue in this case is whether the trial court erred in determining that the state attorney’s office was liable to the appellee, Jerome Dubay, for attorney’s fees pursuant to section 57.105, Florida Statutes (1985).
Judith Marie Lilly filed a petition in Michigan to initiate support proceedings under the Uniform Reciprocal Enforcement of Support Act (URESA) against Dubay on July 29, 1981, alleging that Dubay owed Lilly money for past child support. The petition was transferred to the state attorney’s office for the Eighteenth Judicial Circuit, where Dubay resided. The state attorney represented the State of Florida, Department of Health and Rehabilitative Services o/b/o Judith Lilly. On November 6, 1981, the trial court entered final judgment in favor of Lilly for support arrear-age. HRS was no longer involved in the case as of 1983, when the last of the children reached eighteen years of age.
In early 1986, the Michigan state attorney’s office forwarded a petition for enforcement[1] directly to the Florida state attorney’s office; neither the Michigan state attorney nor the Florida state attorney verified the age of the children. HRS did not request enforcement. On February 26, 1986, a summons was issued against Dubay ordering him to appear at a contempt hearing for failure to make monetary payments as previously ordered by the court. Dubay filed a motion for more definite statement and a motion to dismiss, alleging that the children had reached the age of majority and that there was no *110 further duty of support. Dubay also filed a motion for attorney’s fees under section 57.105, Florida Statutes (1985), seeking attorney’s fees from the office of the state attorney for failure to raise a justiciable issue. A motion to dismiss the action on the ground that the children were emancipated and all arrearages had been reduced to judgment was filed by an assistant state attorney,[2] and the trial court entered an order dismissing the cause without prejudice. The trial court subsequently issued an order determining that Dubay’s motion for more definite statement and motion to dismiss were moot,[3] and that Dubay was entitled to a reasonable attorney’s fee as the prevailing party under section 57.-105, Florida Statutes (1985). Ultimately, the trial court entered a judgment against the state attorney’s office for $1,550 as a reasonable attorney fee.
The state attorney argues that it was not a “party” under section 57.105, Florida Statutes (1985), and that, therefore, it could not be held liable for attorney’s fees. We agree.
Section 57.105, Florida Statutes (1985),[4] provides:
57.105 Attorney’s fee. — The court shall award a reasonable attorney’s fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
The Florida Supreme Court, in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla.1982), held that the purpose of section 57.105
is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in these activities.
(Emphasis supplied). A party to an action is defined as “a person whose name is designated on record as plaintiff or defendant.” M & A Electric Power Cooperative v. True, 480 S.W.2d 310, 314 (Mo.Ct.App.1972); see also Black’s Law Dictionary 1010 (5th ed. 1979).
The state attorney’s office became involved as counsel for Lilly through its statutory obligation under URESA (Ch. 88, Fla. Stat. (1985)). Section 88.181 provides:
88.181 Duty of the court and officials of this state as responding state.—
(1) After the responding court receives copies of the motion, certificate, and act from the initiating court or state information agency, the clerk of the court shall docket the case and notify the prosecuting attorney of his action.
(2) The prosecuting attorney shall prosecute the case diligently. He shall take all action necessary in accordance with the laws of this state to enable the court to obtain jurisdiction over the respondent or his property and shall request the court to set a time and place for a hearing and give notice thereof to the respondent in accordance with law.
The prosecuting attorney is defined as:
[T]he state attorney or program attorney in the appropriate place who has the duty *111 to enforce laws relating to the failure to provide for the support of any person.
§ 88.031(11), Fla.Stat. (1985).
In the present case, the state attorney’s office was acting as the prosecuting attorney; it was not a party to the action. Consequently, the state attorney’s office could not be held liable as the losing party under section 57.105. Accordingly, the judgment against the state attorney’s office is reversed.
REVERSED and REMANDED.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.

. The petition was styled HRS on behalf of Lilly, even though HRS did not request the petition.

. The motion was styled State of Florida, Department of Health and Rehabilitative Services (HRS), on behalf of Judith Marie Lilly.

. These motions were determined to be moot because "there [was] a complete absence of a justiciable issue in this matter in conformance with F.S. 57.105."

. The dissent argues that section 57.105, Florida Statutes (Supp.1986), is applicable to this case. However, Dubay’s right to attorney fees existed prior to the effective date of section 57.105 as amended, July 1, 1986. See Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980). Consequently, section 57.105 as amended is not applicable to this case, since it is a well-established rule of construction that in the absence of clear legislative intent to the contrary, a law is presumed to operate prospectively. See, e.g., Walker and LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977); Keystone Water Co., Inc. v. Bevis, 278 So.2d 606 (Fla.1973). Moreover, even if section 57.105 as amended was applicable, to recover there must be a demonstration that the attorney did not act in good faith; in addition, the losing party and the losing party’s attorney must pay the attorney fee in "equal amounts.” There was no showing that the state attorney's office did not act in good faith, and its liability could only extend as to one-half the attorney fee.