575 So.2d 266 (1991)
Deborah T. ROGERS, and Department of Health and Rehabilitative Services, Appellants,
v.
John Albert COOPER, Appellee.
No. 89-2588.
District Court of Appeal of Florida, First District.
February 18, 1991.
Joseph R. Boyd and William H. Branch of Boyd & Branch, Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for appellants.
No appearance, for appellee.
ALLEN, Judge.
This is an appeal from an order awarding attorney's fees and costs to appellee, following his successful defense of a child support enforcement action under Section 61.17, Florida Statutes. The action was initiated by the Department of Health and Rehabilitative Services (the department). The issue presented is whether the department is subject to the provisions of Section 61.16, Florida Statutes, which provides for the award of attorney's fees and costs in Chapter 61 actions. We hold that the department is subject to the provisions of Section 61.16, and we affirm the order appealed.
Pursuant to Section 409.2564, Florida Statutes, the department instituted a Section 61.17, Florida Statutes, action against appellee. In its complaint, the department alleged that appellee was in default in making child support payments to his former wife. It requested an order enforcing all prospective child support obligations and requiring payment for all arrearages due. Appellee denied some of the allegations of the complaint and asserted various affirmative defenses. After presentation of evidence, the trial court found that the cause of action was barred by the equitable doctrine of laches and entered final judgment for appellee, reserving jurisdiction to tax costs and fees. When appellee moved for assessment of costs and attorney's fees against the department pursuant to Section 61.16, Florida Statutes, the department argued that it was not subject to the provisions of that section. The trial court reviewed various provisions of Chapters 61 and 409, Florida Statutes, and found no basis for exempting the department from Section 61.16. An order assessing attorney's fees and costs against the department *267 was entered and is the subject of this appeal.
On appeal, the department does not contest the legal sufficiency of the evidence supporting the award of attorney's fees and costs. Rather, the department simply argues that application of the provisions of Section 61.16 to the department is contrary to legislative intent. As authority for its argument, the department relies upon a portion of the statement of legislative intent for the enactment of Sections 409.2551 through 409.2597, Florida Statutes. Those sections require the department to take various actions, including the initiation of legal proceedings, to compel parents to provide support for their dependent children. The language relied upon by the department is as follows:
It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
Section 409.2551, Florida Statutes. The department contends that this legislative purpose will be largely frustrated if the department is required to pay the costs and attorneys' fees of defendants in legal proceedings brought by the department to compel payment of support. Therefore, the argument goes, the legislature never intended to subject the department to potential exposure for the payment of defendants' fees and costs.
While the department makes a valid policy argument for its exemption from any obligation to pay attorney's fees and costs to opposing parties where the department acts under the authority of Chapter 409, it has not directed us to any statutory provision which clearly reveals the legislative intent as to the issue. Obviously, immunization of state agencies from liability to private parties serves to preserve the public treasury, but preservation of the public treasury is not always the overriding legislative concern. Section 768.28, Florida Statutes, whereby the legislature has waived the state's sovereign immunity against liability for torts, is but one example of a public policy determination which gives preference to private claims over the state's interest in preserving its own treasury. Finding the above-referenced language from Section 409.2551 inconclusive in resolving the issue to be determined, we have carefully reviewed other provisions in Chapters 61 and 409, Florida Statutes, in an attempt to determine the legislative intent.
Before beginning our discussion of language in Chapters 61 and 409 which appears to be relevant in resolving the issue before us, we observe that the department's brief cites three cases wherein the department was held not to be responsible for payment of attorney's fees where it had brought actions pursuant to its responsibilities under Chapter 409. None of those cases appears to us to be applicable to the issue presented in the present case. Cain v. Sims, 396 So.2d 234 (Fla. 1st DCA 1981) and Florida Dep't of Health and Rehabilitative Servs. v. Cisneros, 446 So.2d 727 (Fla. 2nd DCA 1984) were paternity actions brought under Chapter 742, Florida Statutes. Those cases were decided in favor of the department merely because the statute addressing attorney's fees and costs in paternity actions, Section 742.031, Florida Statutes, made no provision for the award of attorney's fees to a defendant in a paternity action. State, Dep't of Health and Rehabilitative Servs. v. Thompson, 552 So.2d 318 (Fla. 2d DCA 1989), was a Chapter 61 child support enforcement proceeding in which the defendant prevailed and was awarded attorney's fees, not under Chapter 61, but pursuant to Section 57.105, Florida Statutes. In reversing the award of attorney's fees to the defendant, the appellate court did not hold that the department was immune from the provisions of Section 57.105. What the court did hold was simply that the statutory prerequisite to an award of fees under Section 57.105  a finding that the action had been initiated in the "complete absence of a justiciable issue of either law or fact"  was not supported by the record. The award of attorney's fees in Cisneros was also founded *268 upon Section 57.105, and the court there reached the same conclusion as did the court in Thompson.
Section 61.16, Florida Statutes, provides as follows:
61.16 Attorney's fees, suit money, and costs.  The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount of attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
(Emphasis added). It is readily apparent, therefore, that where the department brings a child support enforcement action under Section 61.17, as was done here, the department subjects itself to the provisions of Section 61.16, unless some other expression of legislative intent serves to contravene the very clear language of the section. Neither the department's brief, nor our review of the statutes has revealed any such legislative expression.
The specific authority for the department to bring the action is found in Section 409.2564, Florida Statutes. Subsection (1) of that section provides:
(1) In each case in which regular child support payments are not being made as provided herein, the department shall institute, within 30 days after determination of the obligor's reasonable ability to pay, action as is necessary to secure the obligor's payment of current support and any arrearage which may have accrued under an existing order of support. The department shall notify the program attorney in the judicial circuit in which the recipient resides setting forth the facts in the case, including the debtor's address, if known, and the public assistance case number. Whenever applicable, the procedures established under the provisions of chapter 88, Uniform Reciprocal Enforcement of Support, and chapter 61, Dissolution of Marriage; Support; Custody, and chapter 39, Proceedings Relating to Juveniles, may govern actions instituted under the provisions of this act, except that actions for support under chapter 39 brought pursuant to this act shall not require any additional investigation or supervision by the department.
Thus, the statute clearly authorizes the department to proceed under Chapter 61 in bringing actions for child support and expressly indicates that the provisions of Chapter 61 may govern an action brought under the authority of Chapter 409. This would logically seem to include the provisions of Section 61.16.
Since section 61.16 merely subjects "parties" to its coverage, it might be argued that the department is no more than a nominal party to the action and, as such, should not be treated as a party for purposes of assessment of attorney's fees and costs. However, a review of the role of the department in such proceedings, as specified by the statutes, clearly reveals that the department is much more than a nominal party. Section 409.2564(2), Florida Statutes, authorizes the department to receive the support payments ordered by the court in an action for child support enforcement which the department has instituted. Section 409.2564(4), Florida Statutes, even authorizes the department to settle the action by agreement between the department and the defendant.
Finally, we find it worthy of note that the legislature did consider limitation of the department's potential exposure in its role as a party in actions for child support enforcement. Section 409.2564(6), Florida Statutes, provides:
(6) The department and its officers, employees, and agents and all persons and agencies acting pursuant to contract with the department are immune from liability in tort for actions taken to establish or enforce child support obligations if such actions are taken in good faith, with apparent legal authority, without malicious purpose, and in a manner not exhibiting wanton and willful disregard of rights or property of another.
*269 As can be seen, while the legislature found it appropriate to limit the tort liability of the department for its acts in litigating actions for enforcement of support, no intention to limit the department's potential exposure to other types of claims was expressed. Thus, the maxim expressio unius est exclusio alterius would appear to apply and to counsel a holding in this case that, except as to tort claims, the department has equal responsibility with that of any other party in litigating actions for enforcement of support obligations.
Accordingly, we hold that the department is subject to the provisions of Section 61.16, Florida Statutes, when it institutes an action for enforcement of support under Chapter 61, Florida Statutes. The order appealed is affirmed.
ZEHMER, J., concurs.
MINER, J., dissents with written opinion.
MINER, Judge, dissenting.
I respectfully dissent. The statute permitting recovery of attorney's fees in chapter 61 actions must be strictly construed. Kittel v. Kittel, 210 So.2d 1 (Fla. 1968); Fisher v. Fisher, 318 So.2d 434 (Fla. 3d DCA 1975). When thus construed, and put in the context of an action to enforce a child support order, it is apparent that section 61.16 and its reference to "both parties," envisions an action between the party obligated to pay and the party designated by the final judgment of dissolution to receive payment. See Price v. Price, 382 So.2d 433 (Fla. 1st DCA 1980); Adler v. Adler, 418 So.2d 1007 (Fla. 3d DCA 1982). Although the majority correctly points out that the Department of Health and Rehabilitative Services (HRS) has considerable authority to prosecute enforcement actions, its conclusion that this authority somehow makes the Department a party responsible for attorney's fees under section 61.16 is, in my view, unjustified. Had the legislature intended that HRS be liable for attorney's fees in cases it unsuccessfully prosecutes on behalf of those clients entitled to HRS legal services by statute, it could have said so in clear and unmistakable terms. It did not. Neither should we.
Because I believe HRS is outside the scope of section 61.16, I would reverse the trial court's order awarding attorney's fees.