585 So.2d 481 (1991)
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES OF the STATE OF FLORIDA, As Assignee and Subrogee of the Rights of Jacqueline Crossdale, Appellant,
v.
Earl CROSSDALE, Appellee.
No. 90-1007.
District Court of Appeal of Florida, Fourth District.
September 11, 1991.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker of Dept. of HRS, Tallahassee, for appellant.
Osborne Walker O'Quinn, Fort Pierce, for appellee.
*482 FARMER, Judge.
In September 1989 Jacqueline Crossdale hired a private attorney and filed a proceeding against appellee, her former husband, for nonpayment of child support and for modification. On October 16, 1989, the trial judge found appellee in contempt and ordered payments on the arrearage but denied any modification. Barely one month later, the former wife engaged HRS to provide her with enforcement services. HRS filed an enforcement action against the former husband (who was then in compliance with the court orders) alleging the same nonpayment and arrearage found by the trial judge in the October 16th order.
On December 28th, the former husband was served with the HRS enforcement papers and notice of a hearing scheduled for January 24th. On January 9th, he served HRS with a motion to strike HRS's enforcement papers in which he also asked the court for an award of attorney's fees, without specifying any particular statute authorizing such fees.
But HRS persisted with its enforcement action against appellee anyway. The trial judge struck the HRS enforcement-contempt action based on his previous ruling and heard evidence on the amount of attorney's fees. The court reserved jurisdiction to consider entitlement to fees and ordered HRS to submit a brief on the question and allowed appellee to file a response.
Instead of submitting the brief, HRS filed a motion for rehearing in which it merely challenged the procedure established by the court for arguing the fee question as somehow unfair. It never submitted any argument on fees. Five days after the deadline for submitting argument, the trial court awarded appellee a fee of $350. HRS appeals from that award. We affirm.
The statute creating the power in HRS to seek enforcement on behalf of a parent who has not received support payments due from the other parent under a court order expressly says that its remedies "are in addition to, and not in lieu of, existing remedies." Section 409.2551, Florida Statutes (1989). Moreover, section 409.2564(1) says:
Whenever applicable, the procedures established under the provisions of chapter 88, Uniform Reciprocal Enforcement of Support, and chapter 61, Dissolution of Marriage; Support; Custody, and chapter 39, Proceedings Relating to Juveniles, may govern actions instituted under the provisions of this act, except that actions for support under chapter 39 brought pursuant to this act shall not require any additional investigation or supervision by the department. [e.s.]
It is fundamental under Article V, Florida Constitution, that the legislature has no power to prescribe procedures for judicial proceedings. An attempt to do so would be invalid, and we must avoid constructions of statutes that render them invalid. By the word "procedures" in the foregoing, the legislature obviously intended that the "remedies" under chapters 39, 61 and 88 be available to HRS in an enforcement proceeding.
In bringing an enforcement action, HRS necessarily acts as an assignee-subrogee of the custodial parent on whose behalf the enforcement proceeding is brought. Section 409.2561(3), Florida Statutes (1989). One of the remedies available to the enforcing parent is section 61.16, Florida Statutes (1989), which allows the court to award an attorney's fee in any proceeding under chapter 61, including proceedings for enforcement of support orders, where the need is shown and the ability to pay is present.
Consequently, we see section 61.16 awards of attorney's fees as among the remedies available to HRS and to which it must necessarily be subject. The power to use a remedy understandably implicates the usual or general conditions or limitations upon the remedy. At least, that must be true if there is no express provision excluding a known limitation or condition, or relieving the party of the ordinary consequences of use of the remedy. Here there is absolutely nothing in either chapter 61 or chapter 409 exempting HRS from any liability for fees or costs when bringing *483 support enforcement proceedings under section 409.2561. When the legislature dropped the remedies of chapter 61 into HRS's quiver, this one came hide-bound with the reciprocal obligation for fees if otherwise appropriate under section 61.16.
We see our decision in Florida Department of Health and Rehabilitative Services v. Cisneros, 446 So.2d 727 (Fla. 4th DCA 1984), as involving facts slightly different from those involved here. We there found that HRS acted in good faith in reliance on the information given by the mother. In the present case, however, we are unable to find good faith when HRS proceeded with its own duplicative enforcement after learning of the mother's earlier proceeding with her private attorney. Thus, although the initial filing might have been clothed with good faith, persisting with an unnecessary hearing after learning of the earlier attempt constitutes the antithesis of good faith.
If necessary, we would also approve the fee award here under section 57.105, Florida Statutes (1989), even though that statute was not cited in appellee's motion to strike.[1] In fact no statute is specified in his motion. But fees under section 57.105 are really costs, and a specification of the precise statute authorizing costs in practice is almost never required for an award. Section 57.041 creates a general right in a prevailing party for costs following judgment as a matter of course.
Costs are quite simply part of general relief. All pleadings are understood to pray for general relief and are construed to do substantial justice. Because HRS so plainly forbore from filing any argument on the issue of entitlement to fees, we should apply the usual appellate rule that the judgment of the trial court will be upheld under any theory supporting it.
As it is necessary to remand for a determination of amount of attorney's fees for this appeal, which we hereby grant to appellee, the trial court should correct his order awarding fees to set forth the missing lodestar findings. Abdalla v. Southwind Inc., 561 So.2d 468 (Fla. 2nd DCA 1990).
AFFIRMED AND REMANDED WITH DIRECTIONS.
DELL, J., concurs.
ANSTEAD, J., dissents without opinion.
NOTES
[1] In Stockman v. Downs, 573 So.2d 835 (Fla. 1991), the supreme court has newly required that all post-judgment applications for attorney's fees be supported by a prior pleading, stipulation or acquiescence. We read appellee's general claim for fees in his motion to strike as placing HRS on notice prior to the hearing that he would seek fees under any statute which would authorize them. Given the nature of the proceeding, HRS is charged with knowledge of section 61.16 liability for fees, as well as costs, meaning a possible fee under section 57.105.