[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court pursuant to the plaintiff's motion for contempt against the State of Connecticut under Conn. Gen. Stats. 46b-86 and 46b-82 for the State of Connecticut Department of Human Resources' alleged failure to obey a July 31, 1991 superior court order to pay the plaintiff's wife, Deborah Cyr, the sum of $1,108.00 by August 31, 1991. CT Page 10704
I. STANDING
The plaintiff Peter Cyr has moved this court to find the State of Connecticut Department of Human Resources in contempt for its failure to pay his wife, the defendant Deborah Cyr, the sum of $1,108.00 as ordered by the court on July 31, 1991. At that time, this court (Kaplan, J.) ordered that "[t]he State Department of Human Resources owes the defendant wife [Deborah Cyr] $1,108.00 . . . to be payed [sic] within 30 days of July 31, 1991." (Plaintiff's Memorandum of Law). Regarding Motion to Dismiss, November 11, 1991, p. 4). The plaintiff claims that the State's failure to pay the $1,108.00 impacts directly upon his child support payments to the defendant Deborah Cyr. This court finds the plaintiff's claim to be without merit, as the State's alleged failure to pay the amount in question is an issue solely between the two parties involved — the defendant Deborah Cyr and the State of Connecticut Department of Human Resources. The plaintiff is a third party to this action, and therefore lacks standing sufficient to allow him to bring this motion of contempt before the court. The plaintiff's interest in the matter of the State of Connecticut Department of Human Resources' alleged contempt of court is indirect and secondary at best.
The questions raised in the plaintiff's Motion For Contempt, supra, are currently on appeal. Because this court finds that the plaintiff lacks standing in this matter, the issues on appeal will not be addressed here.
2. Attorney Fees
The plaintiff Peter Cyr further moves the court to award his attorney fees to pursue his current appeal. To support this request, the plaintiff directs this court to the Florida Appellate case of Rogers v. Cooper, 16 Fla. L. Week. 513,575 So.2d 266 (1991). The plaintiff holds this case out as an example of a court awarding attorney's fees to a defendant seeking to appeal a state court decision in favor of the plaintiff state agency. In that case, however, the original action had been brought by the plaintiff Florida State Department of Health and Rehabilitative Services in a child support enforcement action. Given the factual differences between Roberts and the present case, this court finds that Roberts is
For the reasons above, the plaintiff's Motion for Contempt and Motion for Attorney Fees are dismissed.
BY THE COURT: NORKO, J. CT Page 10705