593 So.2d 611 (1992)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, on Behalf of Debra Joyce Harvey, Appellant,
v.
Richard Michael HARVEY, Appellee.
No. 91-02129.
District Court of Appeal of Florida, Second District.
February 14, 1992.
Charles L. Carlton, Carlton & Carlton, P.A., Lakeland, for appellant.
Alexander G. Paderewski, Paderewski & Sweeting, P.A., Sarasota, for appellee.
HALL, Judge.
The appellant, the Department of Health and Rehabilitative Services (HRS), appeals a final order in this child support enforcement action, requiring payment of the appellee's attorneys' fees pursuant to section 61.16, Florida Statutes (1989). HRS contends it is not subject to the provisions of section 61.16 and is therefore not liable for attorneys' fees in this instance. We agree and reverse.
HRS brought this child support enforcement action on behalf of Debra Joyce Harvey against the appellee, Richard Michael Harvey, seeking modification of a final judgment of dissolution of marriage. The final judgment adopted an agreement between the parties which failed to provide for child support. The child support hearing officer recommended that the appellee be required to pay child support. The trial court, however, entered an order disapproving the hearing officer's recommendation, finding there had been no showing of a substantial change in circumstances to justify a modification of the final judgment. The appellee thereafter filed a motion to tax his reasonable attorneys' fees to HRS pursuant to section 61.16. The trial court *612 entered an order granting the motion based upon the authority of Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991).
Section 409.2564(1), Florida Statutes (1989), authorizes HRS to bring child support enforcement actions pursuant to chapter 61 "in each case in which regular child support payments are not being made... ." That provision goes on to state that "[w]henever applicable, the procedures established under the provisions of ... chapter 61, Dissolution of Marriage; Support; Custody ... may govern actions instituted under the provisions of this act... ."
Section 61.16 provides for an award of attorneys' fees in actions brought pursuant to chapter 61. Section 61.16 specifically states:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
In Rogers v. Cooper and Department of Health & Rehabilitative Services v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1991), the First and Fourth Districts, respectively, held that HRS is in effect a party to a child support enforcement action and is thus subject to the provisions of section 61.16. The First and Fourth Districts so held notwithstanding HRS is statutorily mandated to bring a child support enforcement action on behalf of an aggrieved party. Section 409.2564(1).
We do not agree that HRS is a party as contemplated by section 61.16, nor do we find any provision in the statutes that would otherwise make HRS liable for payment of fees when it is fulfilling its duties under section 409.2564.
We must therefore agree with Judge Miner's well-reasoned dissent in Rogers and certify conflict with the majority in both Rogers and Crossdale.
Accordingly, the case is reversed with directions consistent with this opinion.
FRANK, A.C.J., and THREADGILL, J., concur.