DELL, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from an award of attorney’s fees to the former wife in an action initiated by HRS and the former husband to modify child support.[1]
HRS contends the trial court erred when it awarded fees based upon section 57.105, Florida Statutes (1991), and section 61.16, Florida Statutes (1991), and that the trial court erred when it increased the attorney’s fee award in its supplemental order taxing costs and attorney’s fees. While we agree with appellant that the trial court erred when it found “a complete absence of a justiciable issue of either law or fact raised by the within Petition for Modification,” we affirm the award of attorney’s fees pursuant to section 61.16, Florida Statutes (1991)[2]. We reverse the amount of attorney’s fees assessed in the trial court’s supplemental order.
This court relinquished jurisdiction to the trial court for the limited purpose of setting forth its findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors pursuant to Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The findings made by the trial court in its supplemental order satisfy the requirements of Rowe. The trial court, however, exceeded the scope of this court’s relinquishment when it conducted a hearing on attorney’s fees and increased the amount of the attorney’s fee award from $14,875.00 to $16,875.00.
Accordingly, we affirm the orders awarding appellee, Pamela Casquilla (f/k/a Davenport), costs and attorney’s fees to be paid jointly and severally by the Department of Health and Rehabilitative Services and Gary Davenport. We reverse the trial court’s assessment of attorney’s fees in its supplemental order taxing costs and attorney’s fees in the amount of $16,875.00. We remand this cause to the trial court with directions to correct its supplemental order to reflect an attorney’s fee award of $14,-875.00.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
WARNER and POLEN, JJ., concur.

. The former husband, Gary Davenport, has neither filed a brief nor moved to join in the briefs filed solely on behalf of HRS.

. Appellant has not challenged its responsibility for attorney’s fees pursuant to section 61.16 and, therefore, we do not address this issue. We do, however, direct appellant's attention to Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991).