JORGENSON, Judge.
Gladys Taylor and the Department of Health and Rehabilitative Services (HRS) appeal from an order denying a motion to vacate an award of attorney’s fees. For the following reasons, we reverse.
Pursuant to chapter *409 and section 61.-09, Florida Statutes (1989), HRS filed a petition for child support on behalf of Gladys Taylor, the custodial grandparent, against the child’s mother, Sheila McGre-gor. The petition sought a child-support order and reimbursement for support paid by HRS to the custodial grandparent. The mother denied knowledge that the state paid child support to the grandmother and asserted that she contributed to the child’s support. In addition, the mother claimed that the custodial grandparent fraudulently obtained Aid to Families with Dependent Children (AFDC).
The trial court approved the general master’s recommended order of support directing the mother to pay child support. The court, however, reserved ruling pending a hearing on the issue of reimbursement for paid AFDC benefits. The general master subsequently filed an interim order recommending a return of the child to the mother and a termination of child-support payments.
At the final hearing on the reimbursement issue, HRS admitted that the amount of past assistance due was $1,750.00 and not $15,638.05 as it had originally claimed. The general master recommended a denial of HRS’s reimbursement claim because HRS failed to present any evidence that the mother owed past assistance payments. The general master found that HRS had failed to present any evidence that the mother was financially able to reimburse HRS or that the mother was given notice of the payment of the AFDC benefits. The trial court approved the recommended order.
The mother then filed a motion for attorney’s fees and costs. The motion, however, did not specify the basis for an award of attorney’s fees. The general master recommended that the motion for attorney’s fees be granted. The recommendation was based on: 1) HRS’s failure to investigate before granting AFDC benefits; 2) HRS’s failure to present any competent evidence in support of its claim; 3) HRS’s greater ability to pay the attorney’s fees. The trial court ratified and approved the general master’s recommendations. HRS filed a motion to vacate the award. The trial court denied the motion. HRS and Gladys Taylor appeal.
The motion for attorney's fees, the report from the general master, and the trial court’s order do not cite a basis for the attorney’s fee award. However, for the sake of analysis we assume that McGregor sought attorney’s fees and costs under the authority of section 61.16, Florida Statutes (1989), and section 57.105, Florida Statutes (1989). See Department of Health and Rehabilitative Servs. v. Crossdale, 585 So.2d 481, 483 n. 1 (Fla. 4th DCA 1991).
*161 HRS is authorized to bring child support enforcement actions under section 409.-2564(1), Florida Statutes (1989). The statute provides that when “regular child support payments are not being made ... [HRS] shall institute ... [an] action as is necessary to secure the obligor’s payment of current support and any arrearage which may have accrued under an existing order of support.” § 409.2564(1), Fla.Stat. (1989). Additionally, section 409.2564(1) states that “[w]henever applicable, the procedures established under the provision of ... chapter 61 ... may govern actions instituted under the provisions of this act.” Based on this language, the Fifth and First Districts held that when HRS brings a child support enforcement action under section 409.2564(1), HRS is a party and is thus subject to section 61.16, Florida Statutes (1989), which provides that “[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees.” Department of Health and Rehabilitative Servs. v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992); Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991). See also Department of Health and Rehabilitative Servs. v. Davenport, 609 So.2d 137 (Fla. 4th DCA 1992).
Rogers and Holland are in direct conflict with Department of Health and Rehabilitative Servs. v. Harvey, 593 So.2d 611 (Fla. 2d DCA 1992). In Harvey, the court held that HRS was not a party to a child support enforcement action as contemplated by section 61.16. Harvey, 593 So.2d at 612. The court, therefore, concluded that HRS could not be subject to attorney’s fees under section 61.16. Id. We agree with the holding in Harvey and with Judge Miner’s and Judge Sharp’s dissents in Rogers and Holland, respectively. We certify conflict with the majority in both Rogers and Holland.
We further find that HRS paid support for the child in good faith reliance on the AFDC application and that HRS acted within its statutory duty to seek reimbursement from the mother. The record does not establish that the action was clearly devoid of merit. Thus, we note that the Fourth District’s decision in Crossdale does not apply. In Crossdale, the Fourth District affirmed the attorney’s fee award pursuant to section 61.16 and section 57.105. Crossdale, 585 So.2d at 483. However, the court specifically noted that HRS had prosecuted the action in bad faith. Id. We agree with Judge Sharp’s dissent in Holland that Crossdale should be limited “to allowing attorney’s fees for filing frivolous lawsuits pursuant to section 57.105.” Holland, 602 So.2d at 659.
There is no statutory basis for an award of attorney’s fees when HRS files an action under section 409.2564(1). Harvey, 593 So.2d at 612. Section 61.16 should not be read to include HRS as a party. Section 61.16 states that a court may order attorney’s fees “after considering the financial resources of both parties.” § 61.-16, Fla.Stat. (1989) (emphasis added). As Judge Miner pointed out in his dissent, “ ‘both parties,’ envisions an action between the party obligated to pay and the party designated by the final judgment of dissolution to receive payment.” Rogers, 575 So.2d at 269. If HRS is considered a party, the comparison of financial resources under 61.16 would be meaningless. Holland, 602 So.2d at 659 (Sharp, J., dissenting). HRS will have superior financial resources in most cases, and thus it would be forced to pay attorney’s fees even though it was just performing its statutory duties. Such result would be contrary to the legislative intent of chapter 409 and would inhibit HRS’s effectiveness as an enforcement agency for support obligations. Id.
The public policy of the state is to construe and administer this act “to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.” § 409.2551, Fla. Stat. (1989). Subjecting HRS to attorney’s fees and costs would be contrary to this end. “Had the legislature intended that HRS be liable for attorney’s fees in cases it unsuccessfully prosecutes ..., it could *162 have said so in clear and unmistakable terms.” Rogers, 575 So.2d at 269 (Miner, J., dissenting). Therefore, we hold that HRS cannot be subject to attorney’s fees under section 61.16 because HRS is not a party to a child support enforcement action as contemplated by section 61.16. Harvey, 593 So.2d at 612.
Even if the award of attorney’s fees and costs was based on section 57.105, the order must be reversed because it does not contain a finding that there is a complete absence of a justiciable issue. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982); Personnel One, Inc. v. John Sommerer & Co., 564 So.2d 1217, 1219 (Fla. 3d DCA 1990).
Reversed.
COPE, J., concurs.