BASKIN, Judge,
dissenting.
I dissent from the majority opinion insofar as the court agrees with the Second District in Department of Health & Rehabilitative Servs. v. Harvey, 593 So.2d 611 (Fla. 2d DCA 1992), and holds that section 61.16, Florida Statutes (1989), does not authorize the trial court to order HRS to pay the respondent parent’s attorney’s fees in a child-support proceeding. Instead, I would adopt the holdings of the First, Fourth and Fifth districts that the assessment of fees against HRS is permissible under section 61.16. Department of Health & Rehabilitative Servs. v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992); Department of Health & Rehabilitative Servs. v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1991); Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991). See also Department of Health & Rehabilitative Servs. v. Davenport, 609 So.2d 137, 138 n. 2 (Fla. 4th DCA 1992) (citing Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991)).
Several reasons compel affirmance. First, HRS serves as the assignee-subrogee of the custodial parent in pursuing the child-support proceeding on the parent’s behalf. Holland, 602 So.2d at 652; Crossdale, 585 So.2d at 481; § 409.2561(3), Fla. Stat. (1989). Consequently, it must assume the responsibilities concomitant with such right.
The power to use a remedy understandably implicates the usual or general conditions or limitations upon the remedy. At least, that must be true if there is no express provision excluding a known limitation or condition, or relieving the party of the ordinary consequences of use of the remedy.... When the legislature dropped the remedies of chapter 61 into HRS’s quiver, this one came hide-bound with the reciprocal obligation for fees if otherwise appropriate under section 61.-16.
Crossdale, 585 So.2d at 482-483.
Second, chapter 409, which authorizes HRS to bring the action, expressly provides that chapter 61 is applicable to child-support proceedings. § 409.2564(1), Fla.Stat. (1989); Crossdale, 585 So.2d at 482; Rogers, 575 So.2d at 268. Thus, the agency is subject to the imposition of fees absent any legislative expression evincing a contrary intent. Rogers, 575 So.2d at 267. Although the legislature exempted HRS from tort liability in certain child-support cases, it did not deem it necessary to render HRS immune from a fee award in such cases. § 409.2564(6), Fla.Stat. (1989). In light of that legislative expression, I conclude that the legislature did not intend to preclude a fee award. Rogers, 575 So.2d at 268-269.
Finally, I recognize that it is the public policy of this state that parents,- rather than the citizenry, should support the children. § 409.2551, Fla.Stat. (1989). However, I discern no basis for holding that the imposition of fees is contrary to that policy. A review of the statutory scheme reveals no legislative indication that a fee award contravenes the public policy to preserve the state’s treasury. Rogers, 575 So.2d at 267. I would affirm the fee award and certify conflict with Harvey, 593 So.2d at 611.