PER CURIAM.
The Department of Health and Rehabilitative Services (the Department) timely appeals from (1) the trial court’s ratification of a general master’s report which effectively ordered the Department to return all monies paid by appellee Wayne Ledford toward his child support arrearage, and (2) a subsequent order requiring the Department to pay Ledford’s attorney’s fees. We reverse in part, affirm in part, and remand for further proceedings.
The instant case arose when Ledford’s former wife Deanna Cowick filed a URESA action for child support in April 1982. The parties had been divorced in Surrey County, North Carolina on March 25, 1981. The final divorce judgment provided that “there are no claims for support or alimony between the parties or that all claims for support or alimony have been fully and finally adjudicated.” In 1983, Ledford appeared before a general master in Broward County and volunteered to pay temporary child support of $40 per week. At that time, the Support Enforcement Division (the Department’s predecessor in URESA actions) was ordered to contact North Carolina and determine what effect the above quoted provision had on Cowick’s support application.
Ledford continually failed to pay child support and the trial court repeatedly held him in contempt leading to several arrests, incarceration, and court ordered income deduction. For a period of almost seven years, Ledford never appealed from any of these orders nor did he assert that he did not in fact have any child support obligation. In November 1990, appellant was ordered to pay $10,823 in child support arrearages, subject to credit for payments already made. The hearing officer again ordered the Department to ascertain the effect of the support provision contained in the divorce judgment.
Ledford subsequently filed a motion to determine the amount of the child support arrearage, or more specifically the amount of credit, and to hold the Department in contempt for failing to contact North Carolina. At the hearing on Ledford’s motion, the Department argued that Support Enforcement did contact North Carolina in 1983 and was told that there was no child support order because “the judgment was entered after publication for notice of the judgment of divorce.” Nevertheless, the general master determined that the Department failed to comply with both the October 1983 and November 1990 orders. The master further found that because all claims for support or alimony had been fully and finally adjudicated pursuant to the North Carolina judgment, the Department was obligated to return to Ledford all monies paid toward the arrearage. The general master also found that the Department should pay Ledford’s reasonable attorney’s fees and costs. On January 15, 1992, the trial court ratified and approved the master’s report subject to timely filed objections.
The Department filed a motion to vacate the general master’s report and the trial court sustained all of the master’s findings. It did, however, schedule a separate hearing to resolve the attorney’s fee issue, after which it ordered the Department to pay Ledford’s counsel $2,460 in attorney’s fees.
Turning first to the issue of the child support arrearage, we find that the trial court erred in ordering the Department to return to Ledford all monies actually paid toward the arrearage. When the Support Enforcement Division contacted North Carolina, it was told that the court did not enter a support order because Led-ford had been constructively served. Without personal service, the court did not have *684 personal jurisdiction over Ledford and could not adjudicate any child support claims. See Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982). Therefore, the general master erred in finding that all claims for child support had been fully and finally adjudicated pursuant to the North Carolina judgment.
Even if the North Carolina judgment somehow supported Ledford’s claim that he did not have a support obligation, he waived any objection when he voluntarily agreed to pay support and apparently failed to object to such payments from 1983 to 1990. Ledford had the opportunity to appeal from numerous final orders adjudicating him in contempt of court. The fact that he apparently was not represented by counsel does not excuse him from raising this argument at a much earlier stage in the proceedings.
While we find that the trial court erred in ordering the Department to reimburse all monies it collected toward the child support arrearage, the court never addressed the issue of credit. In November 1990, Ledford was ordered to pay $10,-823 in child support arrearage, subject to credit for payments already made. As part of his motion for contempt, Ledford asked the trial court to determine the amount of the credit. As we hold that the trial court erred in ordering the Department to reimburse all monies, we direct the trial court on remand to conduct any further proceedings necessary to determine the precise amount of credit due Ledford for monies actually paid toward the arrearage.
As to the award of attorney’s fees, the Department correctly asserts that the instant award is governed by section 61.16, Florida Statutes (1991). Department of Health & Rehabilitative Serv. v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1991).[1] Before awarding attorney’s fees under this section, the trial court generally must consider the need of the party seeking such fees and the ability of the other party to pay. See, e.g., Hale v. Hale, 567 So.2d 527 (Fla. 2d DCA 1990); Hartzell v. Hartzell, 434 So.2d 353 (Fla. 4th DCA 1983). However, as Ledford asserts, the Department has waived its right to raise this issue on appeal by failing properly to object below. The record reflects that throughout the various proceedings, the Department never objected to the fee award based upon the trial court’s failure to consider Ledford’s need and its own ability to pay. Consequently, we affirm the attorney’s fee award. See Brown v. Dep’t of Health & Rehabilitative Serv., 582 So.2d 113 (Fla. 3d DCA 1991) (in order to preserve an alleged error for appellate review, a timely and specific objection must be made).
GLICKSTEIN, C.J., and LETTS and WARNER, JJ., concur.

. We note conflict with the second district's opinion in State, Dep’t of Health & Rehabilitative Services v. Harvey, 593 So.2d 611 (Fla. 2d DCA 1992).