624 So.2d 400 (1993)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida, Appellant,
v.
Wayne E. COYLE, Former Husband, and Patricia Coyle, Former Wife, Appellees.
No. 92-3078.
District Court of Appeal of Florida, Fifth District.
September 24, 1993.
David R. Miller of David R. Miller, P.A., Daytona Beach, for appellant State of Florida, Department of Health and Rehabilitative Services.
David E. Abeles of Abeles and Anderson, P.A., DeBary, for appellee Patricia Coyle.
No appearance for appellee, Wayne E. Coyle.
PETERSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a judgment for attorney's fees awarded to Patricia Coyle when she successfully defended an attempt by HRS on behalf of Coyle's former husband, Wayne Coyle, to modify a final judgment of dissolution to provide child support. An agreement between the parties that was made a part of the final judgment of dissolution specifically placed the burden on Wayne Coyle to provide the financial support of the parties' minor children. Later he sought and received funds under the Aid to Families with Dependent Children Program (AFDC) and HRS sought the modification to require Patricia Coyle to contribute to the support. *401 The trial court concluded that no substantial change in circumstances from the date of the final judgment was demonstrated and the modification was denied. The sole issue raised in this appeal is the subsequent award of Patricia Coyle's attorney's fees.
The issue of entitlement to attorney's fees by the prevailing target of a "IV-D"[1] agency was the subject of a July 1, 1992 amendment to section 61.16, Florida Statutes (1991). Chapter 92-138, § 6 at 964, Laws of Florida, made the entitlement to attorney's fees, suit money, and costs one sided in Title IV-D cases by allowing assessment only against a non-prevailing obligor after ability to pay is determined by the court. Prior to July 1, 1992 decisional law allowed the recovery of fees and costs by prevailing targets of actions brought by a IV-D agency. Department of Health and Rehabilitative Services, Child Support Enforcement v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992); Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991); Department of Health & Rehabilitative Services of State of Fla. v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1981). But see State, Dept. of Health and Rehabilitative Services on Behalf of Harvey v. Harvey, 593 So.2d 611 (Fla. 2d DCA 1992). The July 1, 1992 statutory amendment is not applicable to this appeal since all of the trial court proceedings occurred prior to that amendment.
The prior case law allowing recovery does not fully determine the outcome of this case. HRS also draws attention to Patricia Coyle's failure to include a request for attorney's Fees in her answer to the petition for modification. She admits that failure, but alleges that HRS was placed on notice of her desire to seek fees when she placed the matter in issue in her pretrial compliance and by asking for and receiving reservation by the trial court to rule on an award of attorney's fees at the time of the hearing resulting in the denial of the modification.
In Stockman v. Downs, 573 So.2d 835 (Fla. 1991), the supreme court reviewed the history of decisions granting or denying attorney's fees when a litigant failed to include a claim for them until the later stages of the proceedings. The court reached the conclusion that a claim must be pled, recognizing that the fundamental concern is one of notice. Unfair surprise must be prevented and the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. Id. at 837. The court noted, however, the following:
Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees.
Id. at 838.
The court cited Brown v. Gardens by the Sea South Condominium Ass'n, 424 So.2d 181 (Fla. 4th DCA 1983) as an example of an exception. In Brown a defendant failed to raise entitlement to attorney's fees until after judgment, but the court ruled that the failure was not fatal where the issue of attorney's fees was raised at pretrial conference and plaintiff's pretrial statement listed defendant's entitlement to fees as an issue. In the instant case, the earliest evidence of the issue being raised appears to be in the pretrial statements of each of the parties. It was also raised in a joint pretrial statement and in the trial court's order following the pretrial conference. The pretrial statements and order merely stated as an issue, "attorney's fees and costs," without designation of the party to whom the award might be made. The order awarding the attorney's fees made the specific finding that "[s]ufficient notice of ... [Patricia Coyle's] intent to seek attorney's fees is present in the record." In the absence of any transcripts of the proceedings at the pretrial conference, the final hearing or the hearing on attorney's fees, we must accept the trial court's finding that the issue of an award of fees to Patricia Coyle was before the court and the parties in time to give sufficient notice of the issue to HRS.
*402 The award of attorney's fees is affirmed.
AFFIRMED.
HARRIS, C.J., and DIAMANTIS, J., concur.
NOTES
[1] Title IV-D of the Social Security Act, 42 U.S.C. § 1302.