PER CURIAM.
Ellis Franklin Fort, Jr. (the father) appeals the trial court’s order which granted the joint motion for substitution of counsel filed by Eileen Emmers (the mother) and the Department of Health and Rehabilitative Services (HRS). Pursuant to rule 9.040(c), Florida Rules of Appellate Procedure, we treat this appeal as a petition for writ of certiorari, grant the petition, and quash the order substituting counsel because the order departs from the essential requirements of law.
The trial court’s order granting the motion for substitution of counsel effectively converted this matter from a section 409.-2564[1] enforcement action into a chapter 61 enforcement action and substituted the mother as a party for HRS, which was, essentially, either dropped or voluntarily dismissed from the case. This ruling interfered with the efficient, orderly, and proper functioning of the court[2] because it prevented the father from pursuing his section 57.105(1)[3] motion for attorney’s fees against HRS. Accordingly, we issue the writ of certiorari, quash the order of substitution, and remand this matter to the trial court with directions to conduct a hearing on the father’s motion for assessment of attorney’s fees against HRS.[4]
HARRIS, C.J., and DIAMANTIS, J., and BROCK, N.D., Associate Judge, concur.

. See § 409.2564, Fla.Stat. (Supp.1992).

. See Atlantic Commercial Development Corp. v. Nortek, Inc., 403 So.2d 624 (Fla. 5th DCA 1981); State ex rel. Branch v. DuVal, 249 So.2d 468 (Fla. 3d DCA 1971).

. See § 57.105(1), Fla.Stat. (1991).

.The July 1, 1992, amendment to section 61.16, Florida Statutes (1991), contained in Chapter 92-138, § 6 at 1174, Laws of Florida, does not bar recovery of attorney's fees against HRS under section 57.105(1), Florida Statutes (1991). See Department of Health & Rehabilitative Services v. Coyle, 624 So.2d 400 (Fla. 5th DCA 1993); Taylor v. McGregor, 616 So.2d 159 (Fla. 3d DCA 1993).