GUNTHER, Chief Judge.
Appellant, Rose Marie Montante (Former Wife), petitioner below, appeals a final judgment on petition for modification. We affirm in all respects except one.
In the judgment on petition for modification, the trial court found that Philip J. Mon-tante (Former Husband), respondent below, was entitled to an offset credit from retroactively owed child support in the amount of $1,870.29, representing voluntary medical payments on behalf of the parties’ child, Al-ethea. Further, the trial court determined that Former Husband was entitled to an additional offset credit of $2,000.00 for orthodontic treatment. On appeal, Former Wife asserts that the $2,000.00 offset was a duplication of the legitimate $1,807.29 deduction for orthodontic payments. In response, Former Husband contends that even if Former Wife was correct and duplication occurred, then duplication of orthodontic payments was at most $700.00.
Because the record reveals medical bills paid by Former Husband in the amount of $1,100.00 to Dr. Helmholdt, D.D.S., who both parties agree was Alethea’s orthodontist, along with other voluntary medical payments that do not total the trial court’s total medical deduction amount of $3,807.29, we reverse and remand for the trial court to recalculate the appropriate mathematical amount for medical offset credits.
Accordingly, we reverse only as to this issue and remand to the trial court to conduct any further proceedings necessary to determine the precise amount of proper offset credits with specific attention to orthodontic and medical bills for Alethea. See Department of Health and Rehab. Serv. (URESA) on Behalf of Cowick v. Ledford, 621 So.2d 682 (Fla. 4th DCA 1993).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER and POLEN, JJ., concur.