ROTHSCHILD, RONALD J., Associate Judge.
The Department of Revenue (“the Department”) and Suzanne Wrobel (“mother”) appeal the trial courts order awarding attorneys fees against the appellants and the State of Michigan. We affirm in part and reverse in part.
A child support enforcement action was brought against Ted J. Wrobel (“father”) by the Department seeking to register a Michigan child support order. The father filed a motion for summary judgment seeking to vacate the registration. The father also filed a motion for fees and costs under sections 61.16 and 57.105, Florida Statutes (1995). The trial court granted summary judgment, but deferred consideration of an award of attorneys fees until a separate evidentiary hearing could be held.
Although an evidentiary hearing was held on the fathers motion for fees and costs, no court reporter was present at the hearing. According to the proposed statement of evidence accepted by the trial court, the father testified that he was unable to pay his attorneys fees. In addition, his attorney testified as to the hours spent on the case. The appellants did not present any evidence or testimony. The trial court determined that the father was entitled to recover fees from the mother, the Department, and the State of Michigan pursuant to Department of Health and Rehabilitative Services v. Crossdale, 585 So.2d 481 (Fla. 4th DCA 1991) and Rogers v. Cooper, 575 So.2d 266 (Fla. 1st DCA 1991).
The courts order did not specify whether it was awarding fees under section 61.16 or 57.105. However, section 61.16 was amended in 1992 providing specifically that fees cannot be imposed against the Department of Revenue. See Ch. 92-138, § 6 at 1174, Laws of Fla.; § 61.16, Fla. Stat. (1995); see also Fort v. Department of Health & Rehabilitative Servs. on Behalf of Emmers, 626 So.2d 302, 303 n. 4 (Fla. 5th DCA 1993) (recognizing amendment to section 61.16 which prohibits imposing fees upon the Department). However, the statute does state that fees may be assessed against the department pursuant to s. 57.105(1). § 61.16, Fla. Stat. (1995). Thus, fees could only have been properly imposed against the Department pursuant to section 57.105.
Section 57.105(1), provides that the court can award fees to the prevailing party where the court finds that there was a complete absence of a justiciable issue of either law or fact.... The appellants assert that there was no competent substantial evidence to support the fee award and that the trial court failed to expressly find that there was a lack of justiciable issue of law or fact either orally at the hearing or in the written order. See Nolen v. Blackwood, 712 So.2d 434, 434 (Fla. 4th DCA 1998) (trial courts award of fees pursuant to section 57.105 must be reversed where the courts oral pronouncement and written order failed to contain an express finding *672 that there was a complete lack of justicia-ble issue of law or fact). However, as stated previously, a court reporter was not present at the hearing on the motion for fees in the instant action. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1151 (Fla.1979) (without a transcript, appellate courts cannot typically determine what issues were either raised or argued by the parties during a proceeding).
In addition, although the father submitted and the court accepted a statement of evidence with regard to the hearing, it contains only two paragraphs and does not appear to be complete. The Department has not provided any type of stipulated statement of evidence and has failed to meet its burden. Thus, it is impossible to determine whether the trial court made the requisite findings or based its ruling on competent substantial evidence. See id. at 1152 (trial court ruling has the presumption of correctness and the burden is on the appellant to demonstrate error). Therefore, the record before us is inadequate to review the argument on appeal, and the trial court’s findings and judgment must stand.
The remaining issue is whether the State of Michigan is obligated to pay the father’s attorneys fees per the trial court order. We reverse this portion of the order on two grounds.
First, the State of Michigan was not a party and not subject to the trial courts order requiring it to pay the father’s fees. In the Department of Health & Rehabilitative Services v. Dubay, 522 So.2d 109 (Fla. 5th DCA 1988), the fifth district held that the state attorneys office that prosecuted the child support enforcement action on behalf of the wife, could not be held liable for section 57.105 attorneys fees because it was not a party to the action. Thus, a person or entity cannot be liable for attorney’s fees unless they are a party to the action. In addition, it is clear that the trial court did not have in personam jurisdiction over the State of Michigan since it was never served, never appeared before the court, and did not even have notice that it could be subject to attorneys fees. See U.S. Viggo, Inc. v. Loftis, 601 So.2d 1314, 1315 (Fla. 2d DCA 1992).
Second, granting the requested relief would be contrary to the public policy of the State of Florida. It is in the best interest of the Department to contest the assessment of fees against the State of Michigan because if fees are awarded against Michigan, the Michigan courts may be inclined to do the same whenever a Florida resident seeks to register and enforce a Florida support order in that state.
We affirm the trial court’s imposition of attorneys fees as to the appellants, the Department of Revenue, and Suzanne Wrobel, and reverse as to the assessment of fees against the State of Michigan.
Affirmed in part; reversed in part.
SHAHOOD and TAYLOR, JJ., concur.