SHARP, W., J.
Joseph Fugina files this pro se appeal from a final order, rendered after a final judgment of dissolution, which established child support arrearage in favor of his former wife, Cynthia Hitchcock. Fugina raises two issues on appeal. We find that only one has merit: that the trial court erred when it found that he was in arrears for child support in the sum of $2,195.21, because that amount had been previously set off against him in the final judgment of dissolution.
The Fuginas were divorced in 1998. At the time of the dissolution, the parties owned two residences: the marital residence (Indian River property) and another residence located on South Washington Avenue (the Washington Avenue property). Hitchcock received both properties by way of equitable distribution of the parties’ marital property. The final judgment of dissolution also found that Fugina was in arrears for child support in the sum of $2,195.21.
To equalize the equitable distribution, the final judgment of dissolution required Hitchcock to execute a promissory note and mortgage in favor of Fugina on the Washington Avenue property in the sum of $15,954.79. The 1998 judgment explains:
This sum is the $19,500 difference in equitable distribution minus the child support arrears of $2,195.21 and the un-reimbursed medical bills of $1,350.00. (Emphasis added)
In November of 2002, Hitchcock filed a motion to have Fugina held in contempt for non-payment of child support. Fugina filed a response denying any child support or arrearage was due and unpaid. After an evidentiary hearing on the motion, the trial court entered an order on July 23, 2003 which found:
The payment records also show that he [Fugina] has never made any payment toward the initial arrearage of $2,195.21 found to exist as of November 1, 1998. The court therefore finds that Mr. Fugi-na owes to Ms. Hitchcock both the new arrearage ... and the initial arrearage. (Emphasis added)
Because there is no transcript of the hearing in this contempt proceeding, our review is limited to errors of law that are apparent on the face of the record. See Fortune v. Pantin, 851 So.2d 274 (Fla. 5th DCA 2003); Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). However, the court’s error in failing to give Fugina credit for the initial child support arrearage appears clear on the face of the record. Casella. See also Bayer v. Global Renaissance Arts, Inc., 869 So.2d 1232 (Fla. 2d DCA 2004); Ballesteros v. Ballesteros, 819 So.2d 902 (Fla. 4th DCA 2002). Fugina is thus entitled to relief.
The other issues Fugina raises concern the amounts and credits he may have been entitled to receive because one of the parties’ children attained the age of 18, and may have become “emancipated.” Pursuant to the final judgment, Fugina was obligated to pay child support while this child was between 18 and 19 years of age, with a reasonable expectation she would graduate from high school before attaining 19 years of age. Without a transcript of the hearing, we cannot review the trial court’s determination that the amounts owed for this child were due, or that they were not paid. See Dept. of Revenue v. Wrobel, 739 So.2d 670 (Fla. 4th DCA 1999); Chaiken v. Suchman, 694 So.2d 115 (Fla. 3d DCA 1997).
Accordingly, we reverse that part of the order which fails to credit Fugina for the $2,195.21 initial child support arrearage, and remand to the trial court to correct *1270 the judgment on arrearage. We affirm in all other respects.
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON and MONACO, JJ., concur.